CLAUDE D. BELL v. MANSFIELD INDEPENDENT SCHOOL DISTRICT.

No. 7562. Decided June 21, 1939.
(129 S. W., 2d Series, 629.)

*Bell, Goode, Heinsen & Miller,* of Dallas, and *R. C. McBroom,* of Fort Worth, for plaintiff in error.

It was error for the Court of Civil Appeals to hold that independent school districts cannot employ attorneys to collect their delinquent taxes. City of San Antonio v. Berry, 48 S. W. 496; Moseley v. City of Dallas, 17 S. W. (2d) 41; Bailey v. Aransas County, 102 S. W. 1159.

*Harry C. Crump, Jr., of* Dallas, for defendant in error.

*P. B. Randolph* and *Griffin & Morehead,* all of Plainview, filed briefs as amici curiae.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

No detailed statement of the case is required. The sole question for decision is the validity of a contract between

Claude D. Bell and Mansfield Independent School District. In 1937 Bell was employed by the School District to undertake the collection of delinquent taxes due the district, and for such services the district agreed to pay him twenty per cent of all amounts collected. Bell is a licensed practicing attorney of the Dallas county bar. The suit was instituted by Bell in the District Court of Tarrant County and tried upon an agreed statement of facts, resulting in a judgment in favor of the school district. That judgment was affirmed by the Court of Civil Appeals. 124 S. W. (2d) 866.

The opinion of the Court of Civil Appeals discloses that its decision was based upon its interpretation of the opinion of this Court in City of South Houston v. Dabney, 132 Texas 96, 120 S. W. (2d) 436. In that case it was held that a city incorporated under the general laws could not make a valid contract to pay an attorney for his services in collecting delinquent taxes a per centage of the taxes collected, but that the only compensation which it could lawfully pay for such services was the compensation provided by statute for the county attorney or district attorney in suits for collection of state and county taxes, to be taxed as costs in the suit. It was the view of the Court of Civil Appeals that this case should be ruled by that decision, and that no greater compensation could be allowed for the collection of delinquent taxes due independent school districts than that which, under the decision in the Dabney case, could be allowed for the collection of delinquent taxes due a city incorporated under the general laws. The application of Bell for a writ of error was at first refused by this Court, but upon a consideration of his motion for rehearing serious doubts arose in our minds as to whether the questions here presented for decision was decided adversely to his contention in the Dabney case, and the writ was accordingly granted on rehearing. A study of the applicable statutes, in the light of the opinion in that case, has lead us to the certain conclusion that the question here presented was not decided therein.

■ Article 7343, R. S. 1925, deals specifically with the question before us for decision. The portions of that article here material are as follows:

"* * * When twenty days from the date of last publication of said list or lists of delinquents has elapsed, the governing body of the city or town may direct the city attorney to file suits for collection of said taxes, or said governing body may employ some other attorney of the county to file suits and the

city attorney or other attorney filing said suits shall be entitled to the *same fees as allowed the county attorney or district attorney* in suits for collection of state and county taxes, *to be taxed as costs in the suit.* Independant school districts may collect their delinquent taxes as above provided for cities and towns, the school board performing the duties above described for the governing body of cities, and the president of the school board performing the duties above prescribed for the mayor or other presiding officer. The school board may, when the delinquent tax lists and records are properly prepared and ready for suits to be filed, instruct the county attorney to file said suits. If the school board instructs the county attorney to file said suits and he fails or refuses to do so within sixty days the school board may employ some other attorney of the county to file suit. The county attorney, or other attorney, filing tax suits for independent school districts, shall be entitled to the *same fees as provided by law in suits for State and County taxes.* * * *

"All laws of this State for the purpose of collecting delinquent State and county taxes are by this law made available for, and when invoked shall be applied to, the collection of delinquent taxes of cities and towns and independent school districts in so far as such laws are applicable." (Italics ours.)

In the Dabney case we recognized that, standing alone, the sentence last above quoted is sufficiently broad in its language to embrace any authority provided by any other statute for the employment and compensation of an attorney for the collection of delinquent State and county taxes. But, construing that language in connection with, and in the light of, the specific provisions of the same article with reference to the compensation for such services, it was held that the specific provisions of the article limited the compensation to be paid for the collection of delinquent taxes due a city to that allowed the county attorney or district attorney, which compensation is fixed by Article 7332 and limited in amount not, in any case, to exceed $5.00. We here reaffirm that holding and shall employ in this opinion the same line of reasoning there employed.

Referring back to the portions of Article 7343 above copied, it will be observed that cities and independent school districts are dealt with separately therein. With reference to cities it is provided that the attorney filing said suits "* * * shall be entitled to the same fees as allowed the county attorney or district attorney in suits for collection of State and county taxes, to be taxed as costs in the suit." With reference to in-

dependent school districts the provision is different. It reads as follows: "* * * shall be entitled to the same fees as provided by law in suits for State and county taxes." The Legislature must have intended that they be governed by different provisions or else it would not have dealt with them separately and in such different language. In the Dabney case we referred to the specific language with reference to fees which cities were entitled to pay and made that language controlling. By a parity of reasoning, we refer to the specific language with reference to fees which independent school districts are entitled to pay and make that language controlling. Cities may lawfully contract to pay only the fees allowed county attorneys or district attorneys, which fees, as above noted, are nominal, and are taxed as costs in the suit. Independent school districts may lawfully contract to pay the fees provided by law in suits for State and county taxes. The question thus narrowed down is, what fees are provided by law in suits for State and county taxes? If such suits are brought only by county attorneys or district attorneys, then, of course, the fees are the same as those which cities may lawfully contract to pay. But other fees than those allowed county and district attorneys are provided by law. With the approval of the Comptroller and Attorney General, commissioners courts may employ private attorneys to assist the county or district attorneys in suits for State and county taxes, and may contract for compensation for such services different from that allowed county and district attorneys.

By Article 7335, R. S. 1925, the commissioners court of any county is authorized to contract with any competent attorney to assist in the collection of State and county taxes for a per cent of the taxes, penalty and interest actually collected. By an Act of the 41st Legislature, 1930, 4th Called Session, p. 9, ch. 8, this right of contract was restricted and limited to not more than fifteen per cent of the amount collected and the contract was required to be approved by the Comptroller and Attorney General. This last act appears in Vernon's Civil Statutes as Article 7335a. It is thus seen that, when the contract in suit was executed a contract for the payment of fifteen per cent of the amount collected for the services of an attorney in collecting State and county taxes was authorized. The authority to make it was conferred by statute. The fees were, therefore, "provided by law." Our conclusion is that at the time the contract in suit was executed the parties lawfully could have stipulated for compensation not to exceed fifteen per cent of the amount collected.

■ We are unable to adopt the theory upon which it is claimed that the contract for twenty per cent of the amount collected is valid. As above pointed out, the specific language of Article 7343 governs the character of contract which the parties could make. That language limits the compensation to that provided by law in suits for State and county taxes. That amount is limited to fifteen per cent of the amount collected and there is no authority in law for the payment of a greater per centage. The contract under review provides for the payment of twenty per cent. It is, for that reason, void. Art. 7335a, Sec. 2.

■ We think it proper here to observe that the requirement of Article 7335a, that contracts made by commissioners courts shall be approved by the Comptroller and Attorney General, should not be held to be applicable to contracts made by independent school districts. By the concluding sentence of Article 7343, above quoted, all laws of this State for the purpose of collecting delinquent State and county taxes shall be applied to the collection of delinquent taxes of independent school districts in so far as such laws are applicable. The State has a direct interest in the collection of State and county taxes, but has no such direct interest in the collection of delinquent taxes of independent school districts. The reason for the provisions for the approval by the Comptroller and Attorney General of contracts made by commissioners courts is obvious. But no similar reason exists for requiring such approval of contracts made by independent school districts. We are, therefore, of the opinion that such requirement of approval is not applicable to these latter contracts.

Another question is suggested by the record. By Article 7343, if the county attorney fails or refuses to bring tax suits for an independent school district, the Board is authorized to employ some other attorney "of the county" to file same. The record discloses that Mansfield Independent School District is in Tarrant county and that Mr. Bell resides in Dallas county. We question whether, under the record, any authority is shown for his employment, or for the employment of any attorney outside of Tarrant county, but, since the question has not been briefed and a decision thereof is not necessary in the case, we make no authoritative pronouncement with reference thereto.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court June 21, 1939.