

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

GERALD C. MANN
XX~~XVIIIXXWILSON~~XX
ATTORNEY GENERAL

Honorable J. H. O'Neall
County Attorney
Tulia, Texas

Dear Sir:

Opinion No. O-3246
Re: Fees to be paid the tax assessor and
collector of an independent school
district which has employed an attor-
ney to collect delinquent taxes for
a percentage of the taxes collected
by him.

In your letter of February 28, 1941, you advised that a certain
independent school district having its own assessor and collector
of taxes has employed an attorney to collect delinquent taxes,
agreeing to pay said attorney 15% of the sums collected by him.
You request our opinion (1) Whether the assessor and collector of
the district is due any compensation or commission on the taxes col-
lected by the attorney and (2) in any event whether the compensa-
tion or commission of the assessor and collector can exceed 4%.
Since nothing in your letter indicates the contrary we will assume
that the school district which you have in mind was created under
General Law and that its assessor and collector of taxes is subject
to the provisions of Article 2791, Revised Civil Statutes.

Article 7335, Revised Civil Statutes, and Article 7335a, Vernon's
Annotated Civil Statutes, provide authority for commissioners'
courts in certain instances to employ attorneys to enforce or
assist in the enforcement of the collection of delinquent State
and county taxes for a per cent, not exceeding 15, on the taxes,
penalty and interest actually collected. In view of Article 7343,
Revised Civil Statutes, it has been held that Articles 7335 and
7335a are available to independent school districts in so far as
their provisions are applicable. Bell v. Mansfield Independent
School District, 129 S.W. (2d) 629, by the Supreme Court. We are
advised by representatives of the State Comptroller's Department
that it has been the uniform practice over the State for tax col-
lectors of counties having delinquent tax contracts to receive and
be paid their statutory commissions on delinquent taxes received
by them, although the contracting attorney was instrumental in col-
lecting said taxes and also received a commission thereon under his
contract. Article 2791 provides that the District tax assessor

and collector shall receive "such compensation for his services as the Board of Trustees may allow, except in cities and towns provided for, not to exceed 4% of the whole amount of taxes received by him." It is noted that the statute does not make it a prerequisite to his receiving his commission that he himself actually bring about the collection of the taxes, the statute providing that such compensation may be allowed on the whole amount "received" by him. Presumably the collector receives the taxes, collection of which has been brought about by the attorney. From your letter we gather that the Board of Trustees has not attempted to limit the compensation of the assessor and collector to a commission only on those taxes which he has collected without assistance from the Attorney. If such be true the assessor and collector is entitled to the commission allowed by the Board of Trustees on the whole amount received by him, not exceeding 4%.

Since the statute limits such commission to a maximum of 4% it can in no event legally exceed that amount.

Yours very truly

APPROVED MAR. 14, 1941
GROVER SELLERS                    ATTORNEY GENERAL OF TEXAS
FIRST ASSISTANT
ATTORNEY GENERAL

By
                                       Glenn R. Lewis
                                            Assistant

GRL:db:ml