

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

**AUSTIN 11, TEXAS**

ATTORNEY GENERAL

Honorable Donald Allums
County Auditor
Hardin County
Kountze, Texas

Dear Sir:

Opinion No. 0-5653
Re: Appliaability of delinquent tax
contract executed under Articles
7335, 7335a and 7264a, V.A.C.S.,
to city taxes collected by the
county tax assessor-collector under
Article 1402b, V.A.C.S.

Your opinion request of October 5, 1943, reads as follows:

"I would appreciate very much your opinion on the following question:

"Where a city avails itself of the privilege of requiring the county tax assessor-collector to assess and collect the city taxes on the regular tax rolls (Article 1042b), is such city bound by a contract between the commissioners' court of the county and a delinquent tax collector?

"Is the delinquent tax collector entitled to his commission on city taxes collected by him in the above instance, when the city officials fail or refuse to ratify the contract?"

We assume that you refer to a delinquent tax collection contract executed by the commissioners' court under authority of Articles 7335, 7335a and 7264a, V.A.C.S. Although we do not know the terms of the contract to which you refer, we are satisfied that, regardless of the nature of its terms, both your questions must be answered in the negative.

If the contract is on the forms currently promulgated by the Comptroller of Public Accounts, you will notice that the first paragraph of such contract provides:

"First party agrees to employ and does hereby employ second party to enforce by suit or otherwise, and to aid and assist the local officers in the enforcement of the collection of all delinquent State and County ad valorem taxes, penalty and interest, and all delinquent taxes, penalty and interest (except taxes of independent school districts and incorporated cities and towns) due any and all political subdivisions or defined districts of said county and State which the county tax collector receives and receipts for, under the provisions of Articles 7254 and 7257, R.S. 1925 . . ." (Emphasis added).

Thus if this form of contract is employed, city taxes are expressly excluded from the scope of the contract, and we need not inquire further into the question.

If, however, the contract to which you refer does not expressly exclude city taxes, we feel that the same result obtains since no contract for the collection of city taxes may br made by any group other than the governing body of the city and since such contract must be made in strict conformity with the provisions of the statute governing such contracts. Article 7343, V.A.C.S., provides in part as follows:

". . . When twenty days from the date of last publication of said list of delinquents has elapsed, the governing body of the city or town may direct the city attorney to file suits for the collection of said taxes, or said governing body may employ some other attorney of the county to file suits and the city attorney or other attorney filing said suits shall be entitled to the same fees as allowed the county or district attorney in suits for collection of State and county taxes, to be taxed as costs in the suit . . ."

For an interpretation of this statute, see City of South Houston v. Dabney, 120 S.W. (2d) 436 (Comm. App. 1938) and Bell v. Mansfield Independent School District, 133 Tex. 403, 129 S.W. (2d) 629. We find no authority other than this for the execution of contracts for the collection of delinquent city taxes, and since Article 7343 clearly provides that such contracts shall be made only by the "governing body" of the city, we feel that no other body possesses the power to execute contracts for the collection of such taxes.

Conversely, Articles 7335, 7335a and 7264a define the power of a commissioners' court with respect to delinquent tax contracts, and each of said Articles speaks in terms of a power to contract only for "State and county taxes." It is settled that the commissioners' courts now derive their power to contract exclusively from these statutes, White v. McGill, 131 Tex. 231, 114 S.W. (2d) 860; consequently, a commissioners' court possesses no power to enter into a contract affecting the collection of delinquent city taxes.

Trusting that the foregoing fully answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ R. Dean Moorhead

APPROVED OCT 14, 1943
/s/ GROVER SELLERS
FIRST ASSISTANT
ATTORNEY GENERAL

R. Dean Moorhead
Assistant

RDM:fo:egw

APPROVED
Opinion Committee
By G.P.B. Chairman