THE ATTORNEY GENERAL
OF TEXAS



GROVER SELLERS
XXXXXXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:     Opinion No. 0-5922
                       Re:  Can the son of the county
                            attorney be employed to col-
                            lect delinquent taxes?

        With your letter of March 7, 1944, you submit for
the opinion of this department the question raised in the
letter from Judge Eugene G. Connally, County Judge of Somer-
vell County, addressed to you, which letter is as follows:

        "I am writing you with reference to our tel-
ephone conversation of this date.

        "Somervell County, the City of Glen Rose,
and the Glen Rose Ind. school district have de-
cided at a joint meeting of all three governing
bodies to employ an attorney and collect the del-
inquent taxes due said taxing units.

        "The only attorney we have, thus far, been
able to find who will attempt to collect our del-
inquent taxes is Penn J. Jackson of Cleburne, Texas,
who is a son of our County Attorney B. Jay Jackson.

        "However it is noted that at top of page two
of the contract forms furnished by your office there
is the statement that the contracting attorney is not
related to, among others, the County attorney.

        "Unless this can be waived we will have to
look further for an attorney.

        "We would like to know about this at the earli-
est possible moment, as we are anxious to get started
either with this man or someone else."

        It is observed that the question with which
the taxing authorities is concerned involves the
construction of Article 432 of Vernon's Penal Code
of Texas, 1925, which reads as follows:

"No officer of this State or any officer
of any district, county, city, precinct, school
district, or other municipal subdivision of this
State, or any officer or member of any State, dis-
trict, county, city, school district or other
municipal board, or judge of any court, created by
or under authority of any general or special law
of this State, or any member of the Legislature,
shall appoint, or vote for, or confirm the ap-
pointment to any office, position, clerkship,
employment or duty, of any person related within
the degree by affinity or within the third degree
by consanguinity to the person so appointing or
so voting, or to any other member of any such board,
the Legislature, or court of which such person so
appointing or voting may be a member, when the salary,
fees, or compensation of such appointee is to be
paid for, directly or indirectly, out of or from
public funds or fees of office of any kind or
character whatsoever." (Emphasis added)

We think plainly that the county attorney is em-
braced within this statute, because he is an officer of the
county, and the statute clearly states, "No officer of this
State or any officer of any district, county, city, precinct,
school district or other municipal subdivision of this State,"
etc.; but when we come to that portion of the article, which
is prohibitory as it applies to the question before us, it
says: "Shall appoint, or vote for, or confirm the appointment
to any office, position, clerkship, employment or duty, of
any person related within the second degree by affinity or
within the third degree by consanguinity to the person so
appointed or so voting." We fail to find that the county
attorney has any prohibited relationship under the conditions
stated in Judge Connally's letter. In other words the county
attorney does not appoint, vote for, or confirm the appoint-
ment of the attorney employed by the commissioners court to
collect delinquent taxes under special contract provided for
by Article 7335, R. C. S., as limited by Article 7335a, R.C.S.,
and hence does not come within any of the conditions con-
demned as violations of Article 432 of Vernon's Penal Code of
Texas, 1925, quoted above.

It is therefore our conclusion that this article is
not a barrier, precluding the commissioners Court from em-
ploying the son of the County Attorney to collect delinquent
taxes under a contract provided by Article 7335, R. C. S.,
and 7335a, R. C. S. It is true that Article 7335a provides
that such a contract must be approved by the Comptroller of
Public Accounts and the Attorney General, both as to substance
and form, but this does not mean that perforce of this pro-

Hon. Geo. H. Sheppard, page 3          0-5922

vision of Article 7335a that the Comptroller or Attorney
General may enlarge or extend the scope of Article 432 of
Vernon's Penal Code, quoted above, by adding thereto a con-
dition or relationship not comprehended in said article as
a violation thereof.  To do so would be to override the pre-
rogatives of the Legislature.  It must be borne in mind that
neither Article 7335 nor 7335a, supra, by reason of their
own terms, fix any limitation upon the Commissioners Court,
except that the attorney employed be competent, and that his
compensation shall not exceed 15% (fifteen per cent) of the
delinquent taxes.  But we have no hesitancy in holding that
Article 432 of V. P. C., commonly known as the nepotism
statute, would apply to a contract made under Article 7335
and 7335a, if the relationship of any of the contracting
parties be such as is condemned by said article of the penal
code; but the County Attorney is not vested with any author-
ity to appoint, or vote for, or conform the appointment of
the Commissioners Court in employing an attorney to collect
delinquent taxes provided for under the terms of Article 7335
and 7335a.  Hence we are unable to see how the employment of
the son of the County Attorney under such circumstances would
be in violation of said article of the penal code, assuming,
of course, that he is not related within the prohibited degree
to any member of the Commissioners Court.

In thus holding we are not to be understood as ap-
proving as a settled policy the appointment under such cir-
cumstances, but merely hold that the law does not prohibit
it in this instance.

The county officials of Somervell County may be
under the impression that Article 7335 and 7335a apply to
contracts for the collection of delinquent taxes in behalf
of cities and independent school districts and other taxing
units, and if so, such is not the case.  These two articles
apply only to contracts for the collection of State and
county taxes, and have no relevancy to contracts made by
cities and independent school districts insofar as requiring
the approval of such contracts by the Comptroller and the
Attorney General.  Bell v. Mansfield Independent School Dis-
trict, 129 S. W. (2d) 629, (Commission of Appeals)

The Comptroller and the Attorney General would,
therefore, not be authorized in any event to approve or
disapprove a contract made by the city of Glen Rose or the
Glen Rose Independent School District for the collection
of delinquent taxes.

We believe, however, that under the holding of Bell
v. Mansfield Independent School District, supra, that cities
and independent school districts are limited to the maximum

percentage of fifteen per cent fixed by Article 7335a as compensation to be paid to or received by the special attorney employed by a city or independent school district, but this arises by virtue of Article 7343, R. C. S., reading in part as follows:

"All laws of this State for the purpose of collecting delinquent State and county taxes are by this law made available for, and when invoked shall be applied to, the collection of delinquent taxes of cities and towns and independent school districts in so far as such laws are applicable."

The application and the distinction is made clear by the following language quoted from Bell v. Mansfield Independent School District, supra:

". . . As above pointed out, the specific language of Article 7343 governs the character of contract which the parties could make. That language limits the compensation to that provided by law in suits for state and county taxes. That amount is limited to fifteen per cent of the amount collected and there is no authority in law for the payment of a greater percentage. The contract under review provides for the payment of twenty per cent. It is, for that reason, void. Art. 7335a, § 2.

"We think it proper here to observe that the requirement of Article 7335a, that contracts made by commissioners courts shall be approved by the Comptroller and Attorney General, should not be held to be applicable to contracts made by independent school districts. By the concluding sentence of Article 7343, above quote, all laws of this state for the purpose of collecting delinquent state and county taxes shall be applied to the collection of delinquent taxes of independent school districts in so far as such laws are applicable. The state has a direct interest in the collection of state and county taxes, but has no such direct interest in the collection of delinquent taxes of independent school districts. The reason for the provisions for the approval by the Comptroller and Attorney General of contracts made by commissioners courts is obvious. But no similar reason exists for requiring such approval of contracts made by independent school districts. We are, therefore, of the opinion that such requirement of approval is not applicable to these latter contracts." (Emphasis ours)

You are, therefore, respectfully advised that it is our view that Article 432 of Vernon's Penal Code, 1925, is not violated by the employment of the County Attorney's son by the Commissioners Court to collect State and county taxes under a contract authorized by Articles 7335 and 7335a if he is not related to any member of the Commissioners Court for the reasons heretofore stated, namely, the County Attorney, the father of the Attorney thus employed by the Commissioners Court, does not appoint, vote for, or confirm the appointment, and hence does nothing in violation of said Article 432 of the Penal Code.

And you are further advised that the Attorney General and the Comptroller have no statutory duties to perform in connection with the contract made by the City of Glen Rose and the Glen Rose Independent School District for the collection of delinquent taxes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/L. P. Lollar
L. P. Lollar
Assistant

LPL:AMM:wc

APPROVED MARCH 31, 1944
s/Geo. P. Blackburn
ATTORNEY GENERAL OF TEXAS (acting)

Approved Opinion Committee By s/BWB Chairman