

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

December 16, 1948

Hon. D. Richard Voges
County Attorney
Wilson County
Floresville, Texas

Opinion No. V-742

Re: The legality of the County At-
torney's acting as delinquent
tax attorney for a city or an
independent school district
within the county.

Dear Mr. Voges:

Your request for an opinion reads:

"Will you please advise me whether or not a
County Attorney who is filing delinquent tax suits
on behalf of the State and County is authorized:

"(1) To enter into a contract with an incorpo-
rated City within the County, and

"(2) To enter into a contract with an Independ-
ent School District within said County, which Inde-
pendent School District has been assessing its own
taxes.

"And to provide in such contract for a payment
of a percentage of the delinquent taxes collected.

"The fact situation is this:

"I am filing tax suits for the collection of de-
linquent taxes for the State and County. The Flores-
ville Independent School District, which district col-
lects its own taxes, and the City of Floresville has
offered to make a contract with me as an outside
Attorney to collect its delinquent taxes, paying me
therefor 15% of the amount of delinquent taxes col-
lected.

"Under Article 2791, I am of the opinion that it
would be my duty to represent the School District
without any compensation therefor."

Your questions are answered in the case of Bell v. Mans-
field Independent School District, 133 Tex. 403, 129 S.W.(2d) 629,
except the question of whether or not you may contract with the

city of Floresville to represent it in the collection of delinquent taxes for a percentage of the delinquent taxes collected.

Article 7343, V.C.S., is in part pertinent to the questions you present. The portions of that Article material here are as follows:

". . . When twenty days from the date of last publication of said list or lists of delinquents has elapsed, the governing body of the city or town may direct the city attorney to file suits for collection of said taxes, or said governing body may employ some other attorney of the county to file suits and the city attorney or other attorney filing said suits shall be entitled to the same fees as allowed the county attorney or district attorney in suits for collection of State and county taxes, to be taxed as costs in the suit. Independent school districts may collect their delinquent taxes as above provided for cities and towns, the school board performing the duties above described for the governing body of cities, and the president of the school board performing the duties above prescribed for the mayor or other presiding officer. The school board may, when the delinquent tax lists and records are properly prepared and ready for suits to be filed, instruct the county attorney to file said suits. If the school board instructs the county attorney to file said suits and he fails or refuses to do so within sixty days the school board may employ some other attorney of the county to file suit. The county attorney, or other attorney, filing tax suits for independent school districts, shall be entitled to the <u>same fees as provided by law</u> in suits for State and county taxes.
. . .

"All laws of this State for the purpose of collecting delinquent State and county taxes are by this law made available for, and when invoked shall be applied to, the collection of delinquent taxes of cities and towns and independent school districts in so far as such laws are applicable."

It is quite clear from the part of Article 7343 quoted above and here repeated for clarity, that you are expressly authorized by statute to represent an independent school district in delinquent tax suits, if the board of trustees of such independent school district requests you to do so. This part of the statute is as follows:

"The school board may, when the delinquent tax lists and records are properly prepared and ready

for suits to be filed, instruct the county attorney to
file said suits." (Emphasis ours)

You are also authorized to perform this service for inde-
pendent school districts located within your county, but not located
within an incorporated city or town, under the terms of Article
2791, V.C.S. As to independent school districts located within the
boundaries of an incorporated city or town, this duty seems to de-
volve upon the city attorney by the provisions of Article 2791. But
we do not perceive that otherwise the duties of the county or dis-
trict attorney as prescribed in Article 7343 have been changed by
this Article.

Your duty in this regard arises under express statutory
authority and not by virtue of a contract with the independent school
district. If you, as county attorney, should fail or refuse to repre-
sent the independent school district, the board of trustees may, aft-
er sixty days, employ some other attorney of the county to represent
it. If, however, you should elect to follow the instructions of the
board of trustees in the collection of such delinquent taxes for an
independent school district, you are entitled to the same fees as in
suits for state and county taxes. The fees are set out in Article
7332, V.C.S., with which you are familiar.

You may not receive any compensation in excess of this
from an independent school district, for as said by Judge Hickman
in the case of Bell v. Mansfield Independent School District, supra:

"Cities may lawfully contract to pay only the fees
allowed county attorneys or district attorneys, which
fees, as above noted, are nominal, and are taxed as
costs in the suit. Independent school districts may
lawfully contract to pay the fees provided by law in
suits for state and county taxes. The question thus
narrowed down is, what fees are provided by law in
suits for state and county taxes? If such suits are
brought only by county attorneys or district attorneys,
then, of course, the fees are the same as those which
cities may lawfully contract to pay." (Emphasis ours)

If you represent an independent school district in your
county in the collection of its delinquent taxes, you are not requir-
ed to represent it without compensation as your request implies,
but would be entitled to receive the same fees from the district
as from the State and County. In other words, you would be en-
titled to the fees prescribed in Article 7332 from the State and
County and also from the independent school district if you rep-
resented all in the same suit. If this is not expressly authorized
by Article 7343, it is clearly implied in the language: "Shall be
entitled to the same fees as provided by law in suits for State and
county taxes."

Insofar as Opinion 0-1692 heretofore rendered by a former administration is inconsistent with this opinion, the same is expressly overruled.

We take note of the fact that Wilson County has a population of less than 20,000 according to the last preceding federal census; and according to the records of the Comptroller's office, the Commissioners' Court of said county has elected to operate upon a fee basis in compensating its county officers instead of a salary basis, and this opinion is written upon that premise.

We next consider specifically your authority to represent the city of Floresville under a contract for the collection of delinquent taxes upon a percentage basis of 15% of the delinquent taxes collected.

It has been decided by our Supreme Court in two cases that a city incorporated under the general law (as we assume is the case for the city of Floresville, since its population is less than 5,000) does not have the authority to make such contracts. The first case is City of Houston v. Dabney, 132 Tex. 96, 120 S.W. (2d) 436, from which we quote:

"The governing body of the City of South Houston had no authority to bind the city to allow Dabney, as compensation for his services, a percentage of the taxes, penalties or interest recovered. In consequence of lack of authority in such governing body to bind the city in this respect, no contractual relation arose between Dabney and the city from the terms of the agreement."

The second case is Bell v. Mansfield Independent School District, supra. In this latter case the Court, speaking of that provision of Article 7343, which is as follows:

"All laws of this State for the purpose of collecting delinquent State and county taxes are by this law made available for, and when invoked shall be applied to, the collection of delinquent taxes of cities and towns and independent school districts in so far as such laws are applicable,"

held:

"In the Dabney case we recognized that, standing alone, the sentence last above quoted is sufficiently broad in its language to embrace any authority provided by any other statute for the employment and compensation of an attorney for the collection of delinquent

state and county taxes. But, construing that language in connection with, and in the light of, the specific provisions of the same article with reference to the compensation for such services, it was held that the specific provisions of the article limited the compensation to be paid for the collection of delinquent taxes due a city to that allowed the county attorney or district attorney, which compensation is fixed by Article 7332, Vernon's Ann.Civ.St. art. 7332, and limited in amount not, in any case, to exceed $5. We here reaffirm that holding . . ."

It is, therefore, our opinion that the city of Floresville is not authorized to make a contract with you for the collection of its delinquent taxes upon a percentage basis of the amount of delinquent taxes collected.

SUMMARY

The county or district attorney is authorized by statute to represent an independent school district located within the county, but he may receive as compensation only the fees provided by Art. 7332, V.C.S., for county and district attorneys in delinquent tax suits. If such county or district attorney represents such independent school district in a suit in which he also represents the State and County, he is entitled to the fees prescribed by Art. 7332 as to each taxing unit. A city incorporated under the general law may not contract with the county or district attorney or any other attorney to collect its delinquent taxes upon a percentage basis. Bell v. Mansfield Ind. School District, 133 Tex. 403, 129 S.W.(2d) 629; City of Houston v. Dabney, 132 Tex. 96, 120 S.W.(2d) 436; Art. 2791, V.C.S.; Art. 7332, V.C.S.; Art. 7343, V.C.S.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED:

*Price Daniel*

ATTORNEY GENERAL

By     *L. P. Lollar*

L. P. Lollar
Assistant

LPL/JCP