

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
*ATTORNEY GENERAL*

April 7, 1948

Hon. L. A. Woods
State Superintendent
Department of Education
Austin, Texas

Attention: Hon. T. M. Trimble
       First Assistant

Opinion No. V-535

Re: Authority of Rural
   High School Dis-
   tricts to employ a
   delinquent tax col-
   lection attorney.

Dear Sir:

     We refer to your letter of recent date re-
questing an opinion from this office on the following
question:

> "May a Rural High School District,
> created by grouping (Article 2922a), and
> which has the status of a Common School
> District (Article 2922b), employ an at-
> torney with or without the approval of
> the Commissioners' Court to collect de-
> linquent taxes and pay the fee allowed
> under the statutes for such service."

     In Attorney General's Opinion No. 0-6408, this
department advised that since no power or authority
rests in the board of trustees of common school districts
to levy, assess, or collect taxes owed the districts,
such power being placed in the Commissioners' Court of
the county wherein the common districts lie under Arti-
cles 2784e and 2795, V. C. S., *common school districts
are without authority to institute suit for the collec-
tion of delinquent taxes owed to the districts.* Further,
that suits for the collection of common school districts'
taxes should be instituted by the County Attorney or by
the attorney employed by the Commissioners' Court under
the authority of Articles 7335 and 7335a, V. C. S. Opin-
ions Nos. 0-3134, 0-6650, and 0-980.

     In Attorney General's Opinion No. 0-2959, this
department advised that Articles 7343, 7335 and 7335a,
V. C. S., authorizing the employment of an attorney to
enforce or assist in the enforcement of delinquent tax-

Hon. L. A. Woods, page 2  (V-535)

es for a percentage of the collection not exceeding 15%
are available to independent school districts.  Bell v.
Mansfield Independent School District, 129 S.W.(2d) 629;
Attorney General's Supplemental Opinion No. 0-452 and
Opinions Nos. 0-2624 and 0-3679.  Furthermore, by virtue
of the provisions of Articles 2790, 2784e, as amended,
2791, 2792, and 7337, V. C. S., authority is granted the
Board of Trustees of independent school districts to
levy and cause to be assessed and collected taxes voted
by the districts.  Republic Insurance Company v. High-
land Park Independent School District, 141 Tex. 224, 171
S.W.(2d) 342 at page 347. (Com. App.)

A rural high school district, however, al-
though it is classified as a common school district un-
der Article 2922b, is created and governed under the
provisions of the rural high school laws, Articles 2922a
to 2922L, inclusive, V. C. S.  Thus, the statutes appli-
cable to common school districts, (as distinguished from
rural high school districts) will apply to rural high
school districts classified as common in those matters
which are not covered by the rural high school laws them-
selves.

Article 2922L of the rural high school laws
provides, in part:

"The board of trustees of a rural high
school district provided for in this Act
shall have the power to levy and collect an
annual ad valorem tax . . . for the mainte-
nance of schools therein, and a tax . . .
for the purpose of the payment of accounts
legally contracted in purchasing, construc-
ting, repairing or equipping public free
school buildings within the limits of each
district . . .; and provided further, that
no tax shall be levied and no bonds shall be
issued until after an election shall have
been held wherein a majority of the qualified
taxpaying voters, voting at said election,
shall have voted in favor of the levying of
said tax, or the issuance of said bonds, or
both, as the case may be, and which election
shall be held in accordance with the law now
governing such elections in independent school
districts; . . . The board of trustees of any
rural high school district may appoint an
assessor of taxes, who shall assess the

taxable property within the limits of said
district within the time provided by exist-
ing laws, and said assessment shall be equal-
ized by the board of equalization composed of
three members appointed by the board of trus-
tees of said district. The said board of
equalization . . . shall have the same powers
and authority and be subject to the same re-
strictions that now govern said boards in in-
dependent school districts. . . The county
tax collector shall collect such tax . . .
The tax assessor herein provided for shall
make a complete list of all assessments made
by him and, when approved by the board of
trustees, shall be submitted to the county
tax collector not later than September first
of each year. (Emphasis ours).

Article 2784e, V. C. S., as amended by S. B.
373 of Acts 1947, 50th Legislature, insofar as pertinent
to this opinion provides in Section 1:

"The Commissioners' Court for the com-
mon school district in its county, and the
district school trustees for the independent
school districts incorporated for school pur-
poses only, and trustees of rural high school
districts, and the trustees of all other
school districts shall have the power to levy
and cause to be collected the annual taxes
and to issue the bonds herein authorized, "
subject to the following provisions: . . ."
(Emphasis ours).

Under the cited statutes it becomes apparent
that a rural high school district classified as common
is neither a common nor an independent district in the
full sense; it is a hybrid form of school district. Un-
like a common school district, but like an independent
school district, the board of trustees of a rural high
school district has been authorized to levy and cause
to be collected the taxes of the district, and may have
its own assessor. But unlike an independent school dis-
trict, which may elect who shall collect its taxes, a
rural high school district classified as common must
have its taxes collected by the county tax collector.
Attorney General's Opinion No. 0-2299. Further, unlike
statutes pertaining to common school districts, it is
provided in Article 2922L that tax elections in rural

high school districts must be held in accordance with the laws now governing such elections in independent school districts.

Articles 2922L and 2784e, as amended, place express power or authority in the boards of trustees of rural high school districts to levy and cause to be collected the taxes voted by the district. Accordingly, no such authority rests in the Commissioners' Court with respect to rural high school districts classified as common, and such Court is absent authority to employ an attorney in the collection of delinquent taxes for such districts.

Since express authority is given to the board of trustees to levy and cause to be collected the taxes of the rural high school districts, we are of the opinion that incidental or implied authority and duty rests in said board to effectuate the collection of taxes of the district and to employ every legally available means to do so. The taxing authority and conditions under which it has been made permissible by statute to employ an attorney in the collection of delinquent taxes for an independent school district are identical with the conditions that exist in rural high school districts classified as common, hence we see no reason why the same rule by analogy should not apply. McPhail v. Tax Collector, 280 S.W. 260, at page 264. Accordingly, we advise that a rural high school district having the status of a common school district may employ an attorney to enforce or assist in the enforcement of delinquent taxes for a percentage of the collections not exceeding 15% in the same manner as may an independent school district, subject to the provisions of Article 7343, V. C. S.

## SUMMARY

A rural high school district which has the status of a common school district under Article 2922b, V. C. S., may employ an attorney to enforce or to assist in the collection of delinquent taxes in the district for a percentage of collections not exceeding 15%, subject to the provisions of Articles 7343 and 7335a, V. C. S., appertaining

to independent school districts as construed in Bell v. Mansfield Independent School District, 133 Tex. 403, 129 S.W.(2d) 629.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Chester E. Ollison*

Chester E. Ollison
Assistant

CEO:mw

APPROVED:

*Price Daniel*

ATTORNEY GENERAL