**D. H. ARNOLD et al., Appellants,**

v.

**CROCKETT INDEPENDENT SCHOOL DISTRICT, Appellee.**

**No. 114.**

Court of Civil Appeals of Texas.

Tyler.

March 25, 1965.

Rehearing Denied April 29, 1965.

Earle P. Adams, Adams & Granberry, Crockett, for appellants.

Jack McCreary, Arthur Mitchell, Mitchell & Gilbert, Austin, for appellee.

SELLERS, Justice.

The Crockett Independent School District of Houston County, Appellee, brought this suit against D. H. Arnold and others, Appellants, all of Houston County, to recover delinquent taxes for the years 1959, 1960, 1961, and 1962. The appellants answer with a general denial; further no valid assessment of their property was made and further answered as follows:

"These Defendants further say that the assessment of each and every item of property as alleged in said Amended Petition was void, illegal, wrongful, arbitrary and confiscatory and the assessment thereof was made in violation of Art. 8, Section 1 of the Constitution of the State of Texas providing that all property shall be assess-

ed in proportion to its value; that these properties were in fact assessed wholly out of proportion to its value, and out of proportion as compared to the value of others than these Defendants; and further, that district owned by others than these Defendants; and further, that these properties and each of them were assessed at amounts larger and greater than their actual values or their intrinsic values."

The trial was to the court without a jury; and after having heard the pleadings, evidence and argument of counsel, the court found the law and facts to be with the appellee and entered judgment against appellants in favor of appellee for a total sum of $8,244.41 taxes, $2,056.49 penalty and interest, together with foreclosure of tax lien on the property of appellants. The court further allowed the appellee to recover 15% attorney fees in the sum of $1,575.14 as cost in the court. From the above judgment the appellants have duly prosecuted this appeal.

The appellants requested the trial court to file findings of fact and conclusions of law, to which request the court complied. No objections were made in the trial court to the findings of fact or conclusions of law; however, the Statement of Facts has been brought up with the record.

■ The rule is well established that this court will not disturb the judgment of the trial court so long as there is evidence to sustain the judgment entered.

■ A number of appellants' assignments of error are to the effect that there is no evidence or insufficient evidence to sustain the trial court's finding that the properties of appellants were assessed at their fair value.

It is now provided by Statute Article 7326 that the delinquent tax records when properly introduced constitute prima facie evidence of the true and correct amount of taxes and cost due by the taxpayer.

Stone v. City of Dallas, Tex.Civ.App., 244 S.W.2d 937. These records were introduced by the appellee as shown by the Statement of Facts.

It is observed that this is a suit for delinquent taxes for four years, brought by the School District against the appellants. The appellants did not question the validity of the tax assessment by mandamus or injunction; and as a result of waiting until they were sued by the School District for the tax, they lost the right to question the illegality of the tax, except to the excessiveness of the taxes on their property, and the burden was on the taxpayers to prove the amount of the excessiveness. City of Arlington v. Cannon, 153 Tex. 566, 271 S.W.2d 414.

In view of the foregoing, this court is of the opinion, after a review of the evidence, that the trial court's judgment must be sustained.

■ The appellants have challenged the power of the attorney bringing the suit for the School District to bring the suit in behalf of the District. This question was not raised in the trial court and it seems cannot be raised for the first time on appeal. Victory v. State, Tex.Civ.App., 134 S.W.2d 477.

■ The appellants challenged that part of the judgment allowing appellee to recover as court cost 15% of the amount of the tax, penalty and interest as attorney fees. The pleadings of plaintiff is as follows:

"WHEREFORE, Plaintiff prays judgment against defendants for the total amount of said taxes, together with all penalties, interest and costs and other charges or expenses that may be or become legally due and owning, together with foreclosure of the tax lien against the above described real estate securing the amount against each tract of real estate above described and for personal judgment

against said defendants owning any personal property described above at the time same was assessed for taxation for amounts shown to be due on it, together with all costs of suit, including fifteen per cent attorney fees."

The court in its judgment found as follows:

"AND IT IS FURTHER ORDERED, ADJUDGED and DECREED *that the plaintiff have and recover from* the defendant the sum of ONE THOUSAND FIVE HUNDRED SEVENTY-FIVE DOLLARS AND FOURTEEN CENTS ($1,575.14) in attorney fees, said amount being fifteen percent (15%) of the amount of the judgment herein recovered, together with interest at the rate of six percent (6%) per annum on said sum from date until paid."

It is apparent from the record that the appellee has contracted with the attorney for the collection of its delinquent taxes and has agreed to pay him 15% of the tax, penalty and interest collected as his fee. This arrangement has been sustained by the courts. Bell v. Mansfield Independent School District, 133 Tex. 403, 129 S.W.2d 629.

It will be observed from a reading of the above case that the right of an independent school district for the collection of its delinquent taxes is not governed by the provisions of Article 7343 which limits the rights of cities and towns to pay the city attorney or some other competent attorney of the county to file suit for the collection of its delinquent taxes, and the city attorney or such other attorney filing the suit shall be entitled to the same fee as allowed by the county attorney or district attorney in suits for the collection of city and county taxes to be taxed as cost in the suit. It is pointed out in the opinion that the fee allowed city and district attorneys in collecting the delinquent taxes of a city or town is fixed by Article 7332 not to exceed in any case the sum of $5.00.

It is then pointed out in the opinion that the right of an independent school district to collect its delinquent taxes is provided for by this language in the same statute "[that] independent school districts may lawfully contract to pay the fees provided by law in suits for [the collection] of state and county taxes"; and since the commissioner's court is authorized to employ some other attorney to collect its state and county delinquent taxes and pay a percentage of the tax, penalty and interest as the attorney's compensation, provided for by Article 7335, and which fee is limited to 15% of tax, penalty and interest actually collected, by Article 7335a. The independent school district has the same right to contract for the collection of its taxes.

We are of the opinion that, since the school district gets its authority to contract and pay its attorney 15% of the tax, penalty and interest as a fee for the collection of its delinquent taxes from Articles 7343, 7335 and 7335a, and since neither of said statutes authorize said fee to be taxed as cost in a suit for the collection of such taxes, the court was in error in allowing same to be recovered and taxed as court cost in this suit.

The judgment of the trial court is reversed insofar as the same allows 15% of tax, penalty and interest to be recovered and charged as cost. In all other respects, the judgment of the trial court is affirmed.