

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

June 26, 1974

The Honorable Richard E. Bowers
County Attorney
County of Brewster
Alpine, Texas 79830

Opinion No. H- 335

Re: Basis upon which the attorney's fees provided by Art. 7332, V. T. C. S. are to be calculated.

Dear Mr. Bowers:

Your opinion request requires us to determine the basis upon which the attorney's fees for collection of delinquent taxes, provided by Art. 7332, V. T. C. S., are to be calculated. Art. 7332 provides, in part:

> The County or District Attorney shall represent the state and county in all suits against delinquent taxpayers, and all sums collected shall be paid over immediately to the County Collector.
>
> . . . .
>
> In all cases, the compensation of said attorney shall be such reasonable attorneys fees as may be incurred not exceeding ten per cent (10%) of the amount sued for.

Under Art. 7333, V. T. C. S., the attorney's fees set under Art. 7332 are to be recovered from the delinquent taxpayer as court costs for the benefit of the county. The district attorney and county attorney are not personally entitled to such fees because they are compensated on a salary basis. Banks v. State, 362 S. W. 2d 155 (Tex. Civ. App., Austin, 1962, error ref'd n. r. e.).

Also see, Attorney General Opinions O-6400 (1945); V-601 (1948) and WW-675 (1959).

Your question arises from the situation where an independent school district represented by a private attorney, files suit for the collection of delinquent school taxes, and, subsequently, the state and county enter the suit in order to urge their claims for delinquent taxes against the defendant. Other taxing entities such as a city or local water district may also intervene in the suit. There is usually a wide variation in the amount sought by each taxing entity. You ask whether in this situation the county or district attorney's fee provided by Art. 7332 is to be assessed on the basis of the amount sued for by the independent school district which initiated the action or whether instead it should be based only on the amount of the claims entered by the state and county. In other words, if a school district has filed suit on a claim of $1,000 in delinquent school taxes and the county attorney intervenes with a claim of $100 in delinquent county and state taxes, under Art. 7332 should the county attorney's maximum ten per cent fee by $100 or merely $10.

In resolving this question it is important to distinguish between delinquent tax proceedings brought on behalf of the state and county and those initiated by an independent school district. The latter are governed by Art. 7343, V. T. C. S. ,which permits an independent school district to hire a private attorney to collect delinquent school taxes and to pay him as much as fifteen per cent of the amount ultimately recovered. Bell v. Mansfield Independent School Dist., 129 S. W. 2d 629 (Tex. 1939). If a private attorney is hired by a school district his fees cannot be taxed as court costs. Arnold v. Crockett Independent School Dist., 389 S. W. 2d 608 (Tex. Civ. App., Tyler, 1965), rev'd on other grounds, 404 S. W. 2d 27 (Tex. 1966).

Art. 7332, on the other hand, directs the county or district attorney to represent the state and county in all suits against delinquent taxpayers and provides that for such representation an attorney's fee not to exceed ten per cent of the amount sued for is to be paid. This fee is to be collected from the delinquent taxpayer as part of the court costs. Art. 7333, V. T. C. S.

In construing Art. 7332, this office has held that the attorney's fees provided therein are intended as compensation for services rendered and that when no services are rendered then no fee can be charged or allowed. Attorney General Opinion O-1695 (1940). This office has also held that when a county or district attorney represents both an independent school district as well as the state and county in a delinquent tax proceeding he is entitled to the fees prescribed by Art. 7332 as to each taxing unit. Attorney General Opinion V-742 (1948).

These opinions indicate that the attorney's fee provided for in Art. 7332 was originally intended as compensation and therefore should be related to the services actually rendered by the county or district attorney on behalf of his client. This objective is hardly served if the fee is based on an amount sued for by another party to the suit not represented by the county or district attorney.

Thus in the situation you describe it would be improper under Art. 7332 to compute the county attorney's fee on the basis of the amount sought by an independent school district not actually represented by the county attorney. When the county or district attorney represents only the state and county in a delinquent tax proceeding, his fee should be computed on the basis of the amount sought by those entities. That amount is "the amount sued for" as contemplated in Art. 7332.

## SUMMARY

The attorney's fees provided in Art. 7332 are intended to reflect services rendered and are to be calculated on the basis of the amount sued for by the taxing entities actually represented by the county or district attorney.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee