**LIFETIME COMMUNITIES, INC., Appellant,**

v.

**CARROLLTON–FARMERS BRANCH INDEPENDENT SCHOOL DISTRICT, Appellee.**

**No. 5164.**

Court of Civil Appeals of Texas, Eastland.

June 8, 1978.

George C. Black, Jr., Dallas, for appellant.

George Vorphal, Luna & Murto, Dallas, for appellee.

RALEIGH BROWN, Justice.

The issue presented is whether an independent school district may recover attorney's fees in a suit for collection of delinquent property taxes, penalties and interest.

Carrollton-Farmers Branch Independent School District sued Lifetime Communities, Inc., for the collection of delinquent taxes, penalties, and interest relating to real property owned by Lifetime. The school district also sought recovery of attorney's fees at the rate of 15% on all taxes, penalty and interest owed at the time of judgment. Summary judgment was rendered in favor of the school district for delinquent taxes, penalty and interest in the amount of $19,-431.37 with interest thereon at the rate of 9% per annum from February 18, 1977 until paid and in such judgment a recovery for attorney's fees was denied.

The trial court then heard evidence as to the claim of the school district for attorney's fees and awarded such fees in the sum of $1,943.14. This represented 10% of the amount of the delinquent taxes, penalty and interest awarded to the school district by the summary judgment. Lifetime appeals, complaining of the award of attorney's fees. We affirm.

Lifetime argues the trial court erred in holding that the school district should be awarded attorney's fees because (1) an independent school district, under the facts of this case, is not authorized or permitted to collect attorney's fees; (2) appellee neither pleaded nor proved that the county attorney had been instructed to file suit and had refused to do so; and, (3) appellee neither pleaded nor proved that appellee had a contract authorizing compensation to be paid to any attorney.

■ The record for review in the instant case consists solely of the transcript. It includes no request for a statement of facts nor for findings of fact and conclusions of law. Lifetime's first amended original answer, upon which it went to trial, does not include special exceptions addressed to the issues raised in its second and third points of error. In considering points of error numbers two and three our duty is expressed by the court in *Smith v. Pulliam, Inc.,* 388 S.W.2d 329 (Tex.Civ.App.—Fort Worth 1965, writ ref. n. r. e.) to wit:

> "In our examination of the entire record we find no affirmative showing that any exception to the appellee's pleadings was ever presented to or acted upon by the trial court as required by Rule 90, Texas Rules of Civil Procedure. We must therefore assume that any defect, omission or fault in the pleadings of the appellee was waived by appellants . . ."

See also *Lewter v. Dallas County,* 525 S.W.2d 885 (Tex.Civ.App.—Waco 1975, writ ref. n. r. e.); *Gambill v. Mathes,* 490 S.W.2d 863 (Tex.Civ.App.—Dallas 1973, writ dism'd); *Ex Parte Woodruff,* 483 S.W.2d 951 (Tex.Civ.App.—Texarkana 1972, writ dism'd).

Points of error No. 2 and No. 3 are overruled.

■ We further hold that in the instant case the school district was properly awarded attorney's fees in its suit for collection of delinquent property taxes, penalties and interest.

Both the school district and Lifetime rely on Article 7335, 7335a, and 7343, T.R.C.S., and Section 23.98, Tex.Educ.Code Ann. in support of their positions regarding the recovery of attorney's fees in suits by an independent school district to collect delinquent taxes.

Article 7335 authorizes a Commissioners Court to employ any competent attorney to assist in the collection of delinquent taxes for a percent of the taxes, penalty and interest actually collected and provides:

> " . . . *but such fees shall nevertheless be collected as a part of the costs of suit* and applied on the payment of the compensation allowed the attorney prosecuting the suit, . . . " (Emphasis ours.)

Article 7335a limits the amount of compensation under Article 7335 to no more than fifteen percent of the amount collected.

Article 7343 in its concluding paragraph provides:

"All laws of this State for the purpose of collecting delinquent State and county taxes are by this law made available for, and when invoked shall be applied to, the collection of delinquent taxes of cities and towns and independent school districts in so far as such laws are applicable."

This article also provides:

" . . . said governing body may employ some other attorney of the county to file suits and the city attorney or *other attorney filing said suits shall be entitled to the same fees* as allowed the county attorney or district attorney in suits for collection of State and county taxes, *to be taxed as costs in the suit* . . . " (Emphasis ours.)

Section 23.98, Tex.Educ.Code Ann., in part states:

"Any independent school district may contract with any competent attorney of this state for the collection of delinquent taxes for the independent school district and compensate him for his services in an amount not to exceed that allowed attorneys collecting delinquent taxes for the state and county."

Additionally, Article 1060a, T.R.C.S., makes all of the provisions of Title 122 of the Texas Revised Civil Statutes (Articles 7041–7359a) available when necessary to all school districts and municipal corporations.

The court in *Bell v. Mansfield Independent School District,* 133 Tex. 403, 129 S.W.2d 629 (1939) held that Articles 7335, 7335a and 7343 are available to school districts. We hold, under the statutes and *Bell,* that the trial court correctly awarded attorney's fees.

Appellant argues that *Arnold v. Crockett Independent School District,* 389 S.W.2d 608 (Tex.Civ.App.—Tyler 1965), aff'd in part and rev'd in part, 404 S.W.2d 27 (Tex.1966)

is directly in point and resolves the issue at bar wherein the court held:

"We are of the opinion that, since the school district gets its authority to contract and pay its attorney 15% of the tax, penalty and interest as a fee for the collection of its delinquent taxes from Articles 7343, 7335 and 7335a, and since neither of said statutes authorize said fee to be taxed as cost in a suit for the collection of such taxes, the court was in error in allowing same to be recovered and taxed as court cost in this suit."

We disagree with such holding.

We have considered and have overruled all points of error. The judgment is affirmed.