## Joseph Devine v. Theodore Keller.

### No. 2703.

1. **Trespass to Try Title.**—Plaintiff in trespass to try title must show title, and the land must be ascertained that is recovered.

2. **Same.**—See testimony held insufficient to sustain judgment for plaintiff.

3. **Imperfect Description.**—See a description of land in a judgment held too indefinite to support the judgment for anything recovered.

4. **Maps in Evidence.**—Maps used by a surveyor in testifying it seems may be used in evidence, and when representing work by him without reference to their being of record or as of themselves evidencing acts of the parties or privies.

APPEAL from Harris. Tried below before Hon. James Masterson.

This was an action of trespass to try title. The testimony to title in the plaintiff held by the court insufficient is set out in the opinion, as also is the description of the land set out in the judgment appealed from.

Gillespie, a witness, testified among other things: "I was county surveyor at the time, and laid out the John Brashear addition, and made a map of the John Brashear addition. The map here in my hands is the original map, or an exact copy of the same, that represents the John Brashear addition. I have made some addition to the surroundings of that survey, but the addition is precisely as this map shows." Upon this the map was produced and read over the objections of the defendant; first, because the said plat had never been recorded; second, and there was nothing to show that it was the plat by which purchasers from John Brashear had bought; third, witness further stated it was only a copy. The map was pertinent and material, its competency was an issue.

Judgment was rendered for the plaintiff for land with boundaries as shown in the opinion. The defendant appealed.

*Frank S. Burke,* for appellant. — 1.   The court erred in admitting over defendant's objections the so-called plans and diagrams introduced by plaintiff in connection with the testimony of the witness Gillespie. Where the calls in a deed are incongruous and reference is made to a map the latter will control, but such map must be duly authenticated and proved to be the identical one contemplated by the parties at the time of the conveyance.   Jackson v. Teneyck, 5 Cowen, 346; Harris v. Commonwealth, 20 Grat., 833; Marble v. McMims, 57 Barb., 610; Whart. on Ev., 2 ed., secs. 668, 677.

2.   The plaintiff in trespass to try title must recover if at all upon the strength of his own not the weakness of his adversary's title.   Jones v. Andrews, 62 Texas, 652; Keyes v. Mason, 44 Texas, 143; Koenigheim v. Miles, 67 Texas, 113; 6 Wait's Act. and Def., p. 91, sec. 3; Hughes v. Lane, 6 Texas, 291; Burleson v. Burleson, 28 Texas, 412; Kinney v. Vinson, 32 Texas, 127; Wofford v. McKinna, 23 Texas, 36; Norris v. Hunt, 51 Texas, 610.

3.   The vendee by a quit claim deed takes only the present interest of his vendor.   Rodgers v. Burchard, 34 Texas, 452; Harrison v. Boring, 44 Texas, 262; Carter v. Wise, 39 Texas, 273; 3 Washb. on Real Prop., 4 ed., pp. 356, 357.

Marked lines and monuments control courses and distances.   Urquhart v. Burleson, 6 Texas, 502; Bolton v. Lann, 16 Texas, 113; Stafford v. King, 30 Texas, 257; Booth v. Strippleman, 26 Texas, 441; 3 Washb. on Real Prop., 4 ed., p. 403.

The recitals in a deed giving a boundary as a street or road convey to such street or road whether same has ever been opened or not.   3 Washb. on Real Prop., 4 ed., pp. 422, 423; Barclay v. Howell, 6 Pet., 498; Jackson v. Frost, 5 Cowen, 346.

No brief for appellee came to hands of the Reporter.

HENRY, ASSOCIATE JUSTICE.—This is an action of trespass to try title. The petition describes the land sued for as being lot No. 5 of the Hollingsworth survey in the John Austin original grant, north of Buffalo Bayou in Harris County, "Beginning on the north line of said lot No. 5 140 feet from its northwest corner at a point where the east line of block No. 13 of the John Brashear addition touches the north line of said lot No. 5; thence south 56 feet for a corner; thence in a westwardly direction to a point on the west line of said lot No. 5 15 feet south of the northwest corner of said lot No. 5 of Hollingsworth survey; thence north 15 feet to the northwest corner of said lot No. 5; thence east along the north line of said lot 5 to the place of beginning."

The defendant pleaded not guilty.

The plaintiff recovered and defendant appeals.

·· It is assigned as error that the judgment is "contrary to law in that the plaintiff proved no title to the land in controversy," and in support of the assignment the proposition is asserted that "the plaintiff in trespass to try title must recover, if at all, upon the strength of his own and not the weakness of his adversary's title."

It was agreed that W. R. Baker was common source of title.

Plaintiff read in evidence a deed from said Baker to James Moore for a larger tract, including the land in controversy.

Then a decree in the administration of the estate of said Moore showing that Ann Nettles was his only heir.

Then a deed from said Ann Nettles to J. W. Brashear, conveying "all those strips or parcels of land situated and lying west of a one acre survey made for Antonio Berry, a Spaniard, about one and a half miles from the city of Houston, on the Washington Road and north of the Washington Road, meaning the plank road, and south of the lands owned and now occupied by J. W. Brashear, and a tract heretofore belonging to J. N. Slocumb, that said James Moore was owner of, out of the Ruston two league grant at his decease."

Then a decree of partition of the estate of J. W. Brashear, showing that John Brashear had become the owner of the land conveyed by the Nettles estate.

Then a quit claim deed from John Brashear to plaintiff Theodore Keller, conveying to him "one and eight-tenths of an acre of land conveyed by Thomas Hart and wife to Theodore Keller, by deed dated the 30th day of March, 1880."

Plaintiff next and lastly read in evidence a deed from Thomas Hart and wife conveying to him "all that certain 1 8-10 acres of land in lot No. 5, in the Hollingsworth survey, situated about one and three-quarters miles northwestwardly from the court house, and more fully described in a certain deed of trust made by Thos. Hart to use of Theodore Keller, as will appear of record, vol. 8, p. 722, of Harris County Records of Mortgages."

The trust deed was not offered in evidence or any other testimony identifying the land conveyed by these deeds with the land described in the petition.

The judgment for the plaintiff describes the land recovered by him as follows. "Part of lot 5 of the John Hollingsworth survey in the John Austin original grant north of Buffalo Bayou in Harris County, beginning on the north line of said lot No. 5, 140 feet from its northwest corner, at a point where the east line of block No. 13 of the John Brashear addition touches the said north line of lot No. 5; thence south fifty-six for a corner; thence in a westwardly direction to a point of the west line of said lot No. 5 of Hollingsworth survey; thence north 15 south of the

northwest corner of said lot No. 5; thence east along the north line of said lot 5 to the place of beginning."

The plaintiff failed to show by his evidence any title to the land described in his petition, and if he had done so the judgment fails to describe that or any other land so that it can be identified.

We think the maps and sketches objected to were properly admitted as evidence.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Delivered March 22, 1889.