**DENMAN et al. v. STATE.**

No. 9580.

Court of Civil Appeals of Texas. San Antonio.

June 5, 1935.

Rehearing Denied July 24, 1935.

Leroy Denman Moody, of Houston, and Henry P. Burney and Denman, Franklin & Denman, all of San Antonio, for appellants.

R. A. Weinert, A. C. Linne, and Alvin P. Mueller, all of Seguin, for the State.

SMITH, Justice.

This action was brought by the state to recover state, county, and school district taxes, for the year 1931, upon a one-sixteenth oil royalty interest in the east 300 acres of the south 600 acres of the A. S. Emmett survey, abstract 122, in Guadalupe county, belonging, at the time the tax was assessed, to the estate of Leroy G. Denman, deceased. The suit was brought, on March 22, 1933, against Sue E. Denman, individually and as independent executrix of said estate, as well as against the individual heirs of the decedent. From a judgment in favor of the plaintiff below, as prayed for, the defendants have appealed.

■ The tax involved was assessed, by appropriate authority, against "the estate of Leroy G. Denman, deceased," and not against the executrix, or heirs, and appellants make the point, first, that the assessment was void because not made against any person or entity, or unknown owner, and in support of that contention cite the case of Perry v. Whiting (Tex. Civ. App. writ ref.) 121 S. W. 903. In that case the estate of John Wylie, a nonresident citizen, was the sole defendant named, and the appellate court held that there could be no valid citation to or judgment against an estate, as such. That holding undoubtedly expresses the true rule, as to parties to a lawsuit, but does not necessarily apply to a tax assessment, which is governed by different statutes.

■ It is provided by statute, simply, that the assessor shall assess property in the name of the owner, if known, but, if unknown, assessment shall run to "unknown owner." Article 7205, R. S. 1925.

But it is also provided, by statute, that "all real property subject to taxation shall be assessed to the owners thereof in the manner herein provided; but no assessment of real property shall be considered illegal by reason of the same not being listed or assessed in the name of the owner or owners thereof." Article 7171, R. S. 1925.

It is apparent that the provision of article 7171 was designed to modify the provision of article 7205, or at least it may reasonably be given that effect, to prevent escape from liability for taxes because of irregularities in the manner of assessments. In this case it appears that the executrix then in control of the estate, through an authorized representative, rendered the property involved, as to both the surface and mineral estates, in the name of the estate, and under that rendition the executrix paid all the taxes assessed thereunder, except as to the mineral interest here involved. As to that interest, she withdrew, or sought to withdraw, her rendition thereon, in the mistaken belief that such interest constituted personal, rather than real, property. It seems obvious that such rendition, in the very form of the assessment complained of, constituted a waiver of the irregularity, if any, of the assessment. We so hold, and accordingly overrule appellants' first and second propositions. Coleman v. Crowdus (Tex. Civ. App. writ ref.) 178 S. W. 585; Young v. City of Marshall (Tex. Civ. App.) 199 S. W. 1180.

■ The land, upon which the royalty interest was assessed, was under lease to an oil company, which had developed oil from the property in highly paying quantities, and was maintaining its operations thereon. Under its lease contract, the lessee took seven-eighths of the production, out of which it paid the cost of exploration and development, and maintains its operations, and the lessors retained the remaining one-eighth of the production free of all expense. The lessors having previously sold one-half of their one-eighth royalty interest, the remaining one-sixteenth, retained by them, is all that is involved in this suit. In fixing the value upon this mineral interest, the authorities took into consideration the facts that the lessee paid all the costs of exploration, as well as of the development and marketing of all the product, including that taken by the lessors, and that the latter contributed nothing towards those expenses, but received their portion of the product, free of all cost. Upon this consideration the authorities appraised each one-eighth of the seven-eighths interest taken by the operators of the lease at a less value than the one-eighth interest retained by the lessor, and assessed those respective interests accordingly. Appellants assail this method and result of appraisal and assessment, upon the grounds that it is discriminatory,

254

and in contravention of the provision of the Constitution of Texas requiring that taxes shall be equal and uniform (article 8, § 1), and of the due process and equal protection clauses of the Federal Constitution (Amendment 14). We overrule these contentions, presented in appellants' third and fourth propositions, upon the authority of Hogg v. Sheffield (Tex. Civ. App.) 38 S.W.(2d) 353; Id. (Tex. Sup.) 77 S. W.(2d) 1021; Id. (Tex. Sup.) 80 S.W. (2d) 741.

■ In their fifth proposition appellants assail the judgment, in so far as it relates to the school district tax, upon the ground that there is no evidence in the record that the property upon which the mineral interest was assessed, and upon which the judgment for school district taxes was rendered, lies, wholly or in part, within said district. It seems to be true that there was no direct evidence of the challenged fact. The record shows that the executrix, then in charge of the estate, through her authorized agent, rendered the land, for the year involved, as to both the surface and mineral estates, for the school district taxes, although the rendition for the mineral interest was afterwards sought to be withdrawn by the executrix, upon the ground that it constituted personal, and not real, property, and was therefore not assessable in Guadalupe county, of which appellants were nonresidents. It also appears, from evidence introduced by appellants themselves, that, upon that rendition, the executrix actually paid the school district taxes upon the surface estate in the property, and the tax roll showing the assessment for the district tax was put in evidence without objection from appellants. The state contends that these facts substantially meet the requirement that, in order to recover district taxes, the plaintiff must show that the property lies within the territorial bounds of such district. It is conceded that the fact questioned was properly alleged, but appellants contend the proof thereunder was insufficient, citing Miller v. School District (Tex. Civ. App.) 63 S. W. 894; Broocks v. State (Tex. Civ. App.) 41 S.W.(2d) 714. Those authorities hold, simply, that a petition in a suit for district taxes is subject to general demurrer when it contains no allegation that the property taxed is situated within the district. That holding is, of course, correct, but is not in point here, except that,

by analogy, it implies the obvious holding that proof of that important fact is as essential to recovery as the allegation thereof. After some hesitation, however, we conclude that the requirement of proof of the allegation of location was substantially met by the conceded facts that appellants themselves rendered the property for the district tax, actually paid those taxes upon the surface estate in the property, and would have abided by the assessment upon the mineral interest here involved, but for the mistaken objection that it was personal property, and not assessable in that county. We overrule appellants' fifth proposition.

■ At the time of the assessment involved, the Denman estate owned, among other properties in Guadalupe county, the south 600 acres of the A. S. Emmett survey, abstract No. 122. The east 300 acres of the tract was under lease to the Humble Oil & Refining Company, for oil and gas purposes, and that company was successfully operating the lease for that purpose. The specific property here involved, to wit, appellants' royalty interest in the land owned by them, was rendered for assessment by the executrix, and was assessed by the assessor, in the following form:

| Abst. No. | Orig. Survey | Acres | Value |
|---|---|---|---|
| 122 | A. S. Emmett 1/16 R. I. 300 acres (Royalty Interest) | | $60,860 |

The surface estate in the whole tract (including the 300 acres upon which the tax upon royalty was assessed, as above) was assessed upon the same sheet, in this form:

| Abst. No. | Orig. Survey | Acres | Value |
|---|---|---|---|
| 122 | A. S. Emmett | 600 | $1,800 |

It will be observed that only 300 acres out of the 600-acre tract was assessed for the royalty tax, and that there is nothing in the description of the assessment to indicate the location, in the tract, of the particular acreage intended to be so assessed, whether it was in the center, south, north, east, or west part of the tract, or elsewhere, specifically, therein. Because of this omission appellants contend, in their eighth proposition, that the description of the land was too uncertain and indefinite to support the assessment. Certainly, the description is not sufficient, upon its face, to support an assessment of taxes upon any specific portion of the whole tract, or to support a conveyance of, or judgment against, such portion.

The provision of law requiring a sufficient description, in tax assessments, of the property sought to be burdened with a lien for such tax, is for the benefit of the taxpayer, in order that he may not be misled by a misdescription, or an inadequate description, in such assessment. The requirement is rigidly enforced where the property is listed for assessment by the assessor, but where, as in this case, the owner himself has rendered his property for assessment, and the assessment is made in accordance with the description furnished in the rendition made by the taxpayer, a very different rule prevails. For, in such case, the taxpayer cannot complain of a faulty or insufficient description, since he, having himself furnished it, cannot be misled by that description. McMahan v. State (Tex. Civ. App.) 147 S. W. 714; Cooley on Taxation, p. 405; Blackwell on Tax Titles, § 279; McMickle v. Rochelle, 59 Tex. Civ. App. 91, 125 S. W. 74; Dallas Title & Trust Co. v. Oak Cliff, 8 Tex. Civ. App. 217, 27 S. W. 1036; Scollared v. City of Dallas, 16 Tex. Civ. App. 620, 42 S. W. 640; Grace v. City of Bonham, 26 Tex. Civ. App. 161, 63 S. W. 158. The record in this case shows that the executrix then in charge of the estate rendered the property, for the tax involved, in the very form assessed, including the identical description of the assessment here complained of by appellants, and under the authorities cited appellants cannot now be heard to question the sufficiency of that description. And while it may be true that a better description would be required in a suit to establish and foreclose the tax lien, under article 7328, R. S. 1925, as amended by Acts 1927, 1st Called Sess., c. 99, § 1 (Vernon's Ann. Civ. St. art. 7328), it is also true that in its petition in this action the state described the land with certainty, so that appellants do not challenge the sufficiency of that pleading. Under the case thus made the cases cited by appellants in support of their eighth proposition [Pomeroy v. Pearce (Tex. Com. App.) 2 S.W.(2d) 431; State v. Farmer, 94 Tex. 232, 59 S. W. 541] are not applicable.

 Appellants also question the propriety of joining the executrix, of the estate involved, in this action, but we conclude the contention presents no reversible error.

The judgment is affirmed.

### On Appellants' Motion to Release Interest and Penalties.

Appellants invoke the provisions of article 7336d (Acts 1934, 43d Leg., 4th C. S., p. 16, ch. 5 [Vernon's Ann. Civ. St. art. 7336d]) by the terms of which the Legislature undertook to release interest and penalties accruing upon ad valorem taxes, when paid within certain periods prescribed in the act. Without intending to pass upon the validity of that act, we hold it is not applicable to this case, for the reason that it undertakes to release all penalties and interest upon ad valorem taxes only when such taxes are actually paid on or before March 5, 1935; whereas, we do not understand that the taxes here sued for have ever been paid, or tendered.

Moreover, if for any reason appellants should bring themselves within the provisions of said act, so as to entitle them to a release of the penalties and interest, as claimed, it would be for the tax collector to allow the deduction from the tax statement upon tender of payment. It is not for this court, upon motion first made at this late juncture in this litigation, to order any release of penalties and interest upon the tax involved.

Appellants' motion is overruled.