L. C. GREER V. ROSETTA GREER.

No. A-654. Decided January 16, 1946.
Rehearing overruled February 13, 1946.
(191 S. W., 2d Series, 848.)

*Cecil Storey* and *Sam J. Dotson,* both of Longview, for petitioner.

It was error for the Court of Civil Appeals to hold that the judgment of the district court of Muskogee ·County, Oklahoma, was res adjudicata as to the title of the land involved in this suit, which was situated in Wood County, Texas, for the reason that the said district court in Oklahoma did not have jurisdic· tion of the land in Texas, and that the land is not described in the pleadings of the parties in said suit with sufficient description to identify same under the statutes of fraud and conveyance of this State. Fall v. Eastin, 215 U. S. 1; Watts v. Waddle, 6 Pet. 400; Reynolds v. Stockton, 140 U. S. 254, 272.

*R. M. Mountcastle,* of Muskogee, Okla., and *Jones & Jones,* of Mineola, for respondent.

When both parties to a suit pending in Oklahoma appear and answer there, the courts of that state have a right to determine the equities between the litigants and under proper pleadings have a perfect legal right to determine and to enter a decree vesting title to land to the beneficiary under a trust held by one of them, and such decree does not divest title but simply puts the legal title as well as the equitable title in the beneficiary under the trust. Massie v. Watts, 6 Cranch 148, (U. S.) 156, 3 L. Ed., 181; Hall v. Jones, 54 S. W. (2d) 835; Wallace v. Campbell & Maxey, 53 Texas 229; Durham v. Scriviner, 259 S. W. 606.

MR. JUSTICE BREWSTER delivered the opinion of the Court.

This is a suit in trespass to try title brought by L. C. Greer, petitioner, against Rosetta Greer, respondent, in the district court of Wood County, Texas, to recover an undivided one-half interest in 70 acres of land lying in that county.

In her answer respondent alleged that in 1942 she sued petitioner in the district court of Muskogee County, Oklahoma, for a divorce and an adjudication of the title to the land involved in this suit; that petitioner appeared and answered; that the trial court decreed that the land was her separate property, which judgment was thereafter affirmed by the Supreme Court of Oklahoma, 194 Okla. 181, 148 Pac. (2d) 156, and was, therefore, res adjudicata of the issues in this suit. She attached as exhibits all pleadings in the Oklahoma suit, as well as the judg-

ment of the trial court and the opinion rendered by the Supreme Court.

Petitioner excepted to all allegations regarding the Oklahoma judgment, contending that it is void because the courts of that state have no jurisdiction of lands in Texas and urging that the allegations "are immaterial to any issue in this case and are calculated to and will prejudice" the jury. On the same grounds he also moved to strike them.

The trial court instructed a verdict for respondent in deference to the Oklahoma judgment, holding that its adjudication "in substance that the land involved in this court had been purchased and paid for out of the separate funds of Rosetta Greer, and, in effect, that title to the land involved in this suit was held in the name of L. C. Greer in trust for the benefit of Rosetta Greer," is binding on the courts of Texas. The court of civil appeals approved that view. 189 S. W. (2d) 104. Writ of error was granted on the point in the application which complains of that holding. However, our decision will turn on another point.

The judgment roll in the Oklahoma suit reveals that the land in controversy there was described in all the pleadings as "70 acres of land in Wood County, Texas." In the judgment it was described as "70 acres of land in Wood County, Texas, described as follows, to-wit: 70 acres of land, more or less, *out of* the A. N. McKnight Survey, Patent No. 736, Volume 3, Abstract No. 400." (Italics ours.)

When the judgment roll was offered in this case petitioner objected to its introduction for the reason, among others, that the description of the land was not sufficient to identify it under the Statute of Frauds, Art. 3995, R. S., 1925. He assigned the error in his motion for a new trial and both in his appeal and in his motion for rehearing in the court of civil appeals. He presents the same question here as his point of error No. 15.

■ The office of description in a deed, judgment, or other writing is to furnish means of identification of the land. Trout et ux. v. Grubbs et ux. (Civ. App.), 1 S. W. (2d) 950. The rule was long ago announced by this court that in all instruments for the conveyance of lands the description must be so definite and certain upon the face of the instrument itself, or in some other writing referred to, that the land can be identified with reasonable certainty; otherwise, the instrument is void under the Statutes of Frauds, supra. Johnson v. Granger, 51 Texas,

42; Norris v. Hunt, 51 Texas, 609. A recent case, which cites and reviews numerous authorities in applying the rule to a deed, is Smith et ux. v. Sorelle et al, 126 Texas, 353, 87 S. W. (2d) 703, wherein the land was described as "100 acres *out of* Blocks 8 and 9 of the subdivision of Jose Maria Pineda Survey, which was patented to Adolphus Stern." (Italics ours.) The rule applies with equal force to a judgment. Devine v. Keller, 73 Texas, 364, 11 S. W. 379; Wooten et al v. State, 142 Texas, 238, 177 S. W. (2d) 56, and authorities there cited.

■ Since the A. N. McKnight Survey contains more than 70 acres, it is quite obvious that the description in the Oklahoma judgment is not so definite and certain that the land can be identified with reasonable certainty. Nor does it refer to any writing from which such identification can be effected. Therefore, we must hold the judgment void in so far as it relates to the land involved here.

Both judgments below are reversed and·the cause is remanded to the district court.

Opinion delivered January 16, 1946.

Rehearing overruled February 13, 1946.