**MORAN CORPORATION et al., Appellants,**

**v.**

**R. D. BRASHEAR et al., Appellees.**

No. 13669.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 19, 1960.

Rehearing Denied Nov. 9, 1960.

Hirsch & Westheimer, Houston, W. B. Moss, Sinton, for appellants.

Frederic Johnson, Sinton, Luther E. Jones, Jr., Corpus Christi, for appellees.

POPE, Justice.

R. D. Brashear and R. L. Irwin sued the Moran Corporation and C. E. Bolinger in trespass to try title, and in a trial be-

fore the court they obtained judgment for Lot 4, Block 9, Burton-Danforth Subdivision, San Patricio County. The Moran Corporation and Bolinger complain that plaintiffs did not prove superior title from a common source, and that they did not prove prior possession. In our opinion, the plaintiffs proved the first point and the other becomes immaterial.

■ Brashear and Irwin called on defendants to file their abstract of title. The abstract showed that defendants claimed through and under James Neil. Plaintiffs introduced the abstract in evidence. This was proof of an admission from defendants that they claimed through Neil, Luckel v. Sessums, Tex.Civ.App., 71 S.W.2d 579, and was proper proof of common source, provided the plaintiffs could connect with that source. Davidson v. Gelling, 153 Tex. 56, 263 S.W.2d 940, 942; Mortimer v. Jackson, Tex.Com.App., 206 S.W. 510; Evans v. Foster, 79 Tex. 48, 15 S.W. 170; Gonzales v. Batts, 20 Tex.Civ.App. 421, 50 S.W. 403. Plaintiffs did this by proving that the property in question passed by deed from Neil to J. B. Hurst; from him by heirship to his widow and two children; by deeds from the two children to the widow, Alice Hurst, who in turn devised the property to her daughter Julia Pyle, and by deed from her to plaintiffs. This was plaintiffs' prima facie case.

■■ When plaintiffs proved title into them from an admitted common source they made out a prima facie case. Davis v. Gale, Tex., 330 S.W.2d 610, 612. The burden thus shifted to the defendants. Their only proof and their only effort to prove title under any others named in their abstract of title, was by introducing a tax suit judgment which named some, but not all, of the persons in the abstract as parties defendant. Defendants introduced the judgment in the tax suit, the order of sale, a tax deed to Bolinger, and his deed to the Moran Corporation. The description in each of those deeds was faulty in that it omitted any description by which the land could be located. The description failed to place the land within any platted subdivision by which it could be located, and the deeds were therefore void. Small v. Morris, 152 Tex. 192, 255 S.W.2d 174. Plaintiffs proved superior title.

The judgment is affirmed.