**D. H. ARNOLD et al., Petitioners,**

**v.**

**CROCKETT INDEPENDENT SCHOOL DISTRICT, Respondent.**

No. A–10824.

Supreme Court of Texas.

May 18, 1966.

Rehearing Denied June 29, 1966.

Adams & Granberry, Crockett, for petitioners.

Jack McCreary, Mitchell & Gilbert, Austin, for respondent.

POPE, Justice.

Crockett Independent School District sued D. H. Arnold and others for recovery of delinquent taxes for the years 1959 through 1962 and for the foreclosure of tax liens upon real and personal property. The trial court, without a jury, awarded judg-

ment for the School District and the Court of Civil Appeals affirmed that judgment. 389 S.W.2d 608. Two questions are presented by this appeal. The first is whether the judgment of foreclosure is void because it does not describe the properties in such a manner that they can be located and identified with reasonable certainty. The second question is whether the taxpayers are estopped to question the descriptions used in the assessments and judgment since they previously furnished the tax assessor the descriptions about which they now complain. The judgments of the courts below are reversed in part and affirmed in part.

The taxpayers, in rendering their property in 1958, described each separate tract but grouped several tracts together in schedules. They did not furnish a rendition for the years 1959 through 1962. For those years the assessor used the taxpayers' descriptions and methods and made his assessments in bulk as to all the tracts within each schedule. The judgment of the trial court also followed and used the descriptions and method employed by the taxpayers and the assessor by grouping the tracts into schedules. Schedules I, II, III, IV, X, and XI present no problem, since the descriptions of the several properties included in those schedules are adequate. We affirm the judgment for delinquent taxes and foreclosure with respect to those schedules. Schedules V, VI, VII, VIII, IX, XII, XIII, XIV, and XV each contain several tracts of land which are adequately described as well as other tracts that are so defectively described that they cannot be located by the descriptions in the judgment or elsewhere in the record. The descriptions in some instances fail to locate a tract within a city or platted subdivision. Moran Corporation v. Brashear, 339 S.W.2d 557 (Tex.Civ.App.1960, writ ref.). Other descriptions are of small tracts that are unlocated with respect to larger tracts of which they are a part. Adams v. Duncan, 147 Tex. 332, 215 S.W.2d 599 (1948); Greer v. Greer, 144 Tex. 528, 191 S.W.2d 848 (1946).

The general rule is that a judgment for foreclosure of a tax lien upon real estate which, though aided by the judgment roll, fails to describe a definite tract of land is void. Adams v. Duncan, supra; Greer v. Greer, supra; Devine v. Keller, 73 Tex. 364, 11 S.W. 379 (1889); Moran Corporation v. Brashear, supra. Many of the descriptions do not satisfy that rule.

School District urges that the taxpayers are estopped to question the descriptions because they supplied both the descriptions and schedules which the district used in making the assessments. A taxpayer may be estopped from attacking the assessments when the assessor adopts the descriptions and methods used by the taxpayer. Electra Independent School District v. W. T. Waggoner Estate, 140 Tex. 483, 168 S.W.2d 645, 649 (1943); Victory v. State, 138 Tex. 285, 158 S.W.2d 760 (1942); French Independent School District of Jefferson County v. Howth, 134 Tex. 211, 134 S.W.2d 1036 (1940); State Mtg. Corp. v. Ludwig, 121 Tex. 268, 48 S.W.2d 950 (1932); McMahan v. State, 147 S.W. 714 (Tex.Civ.App.1912, writ ref.). The reason for the rule is that a taxpayer's inadequate description, together with his own knowledge, makes known to him the property that is assessed and he is not misled. McMahan v. State, supra; Scollard v. City of Dallas, 16 Tex.Civ.App. 620, 42 S.W. 640 (1897, writ ref.); Denman v. State, 85 S.W.2d 252 (Tex.Civ.App.1935, no writ); Grace v. City of Bonham, 26 Tex. Civ.App. 161, 63 S.W. 158 (1901, writ ref.).

The question presented is not, however, whether the assessments are valid. Our problem is whether the judgment of foreclosure is void because it does not describe the properties upon which the tax liens are ordered foreclosed. A judgment establishing and ordering foreclosure of a tax lien produces consequences which concern or may concern rights of persons other than the taxpayer, and a different rule applies in testing the sufficiency of the description in the judgment. An estoppel

does not supply the descriptive data essential to a judgment of foreclosure of a tax lien. This difference between the requirement for assessments and judgments is explained in Garza v. City of San Antonio, 231 S.W. 697, 700 (Tex.Comm.App. 1921). Accord: Denman v. State, 85 S.W. 2d 252 (Tex.Civ.App.1935, no writ). We hold, therefore, that the judgment contains land descriptions that are so defective that the land can not be located or identified; and, as to those lands, the judgment of foreclosure is void.

■ Our disposition of the case presents a further problem. Included in each of the questioned schedules are some tracts which are adequately described and other tracts which are not. The judgment fixes the tax liability and the lien in bulk for taxes owing on all the tracts within a schedule. Some unknown and indistinguishable amount of taxes allocable to undescribed lands is included in the schedules. The void portion of the judgment can not be severed from the valid portion.[1] We must reverse as to the entire schedules.

■ In W. T. Waggoner Estate v. Electra Ind. School Dist., 157 S.W.2d 721, the Court of Civil Appeals reversed a judgment of the trial court because the judgment foreclosing a lien on certain town lots failed to describe the lots. The cause was remanded with instructions to the trial court to render judgment for the taxes as it had previously done but also to hear evidence and describe the lots. The Supreme Court, though modifying a portion of the judgment of the Court of Civil Appeals, affirmed that part of the judgment relating to the town lots but also instructed the trial court to describe the property in the judgment. 140 Tex. 483, 168 S.W.2d 645, 648. It is our opinion that this case should be disposed of in the same manner.

The cause of action with respect to Schedules I, II, III, IV, X, and XI is severed from the remainder of the suit, and as to those schedules the judgments of the courts below are affirmed. That part of the judgment which foreclosed tax liens upon property listed in Schedules V, VI, VII, VIII, IX, XII, XIII, XIV, and XV is reversed and the cause is remanded to the trial court for another trial with instructions that the court receive proof of the properties which the taxpayers rendered and describe the properties with such certainty in the judgment that they can be located and identified.

1. Schedule V of the judgment illustrates the problem:

**SCHEDULE V**

"Lots 1, 2, 3, 4, in Block 1, Depot Addition, Crockett, Texas
"Abstract 423, A. E. Gossett Survey E ⅓ of SE Pt. Outlot 83
"Abstract 423, A. E. Gossett Survey N ⅓ of SE Pt. of Outlot 83
"Abstract 423, A. E. Gossett Survey W ⅓ of SE Pt. of Outlot 83
"Lot 1–B of the Wooters Second Addition to town of Crockett
"Abstract 1360, J. H. Painter Survey, 14.50 acres
"Lot 1 in Wooters Second Addition to town of Crockett, Houston County, Texas
"Abstract 926, Levi Speer Survey, 4.9 acres
"Abstract 926, Levi Speer Survey, 60 acres
"Abstract 926, Levi Speer Survey, 58 acres
"Abstract 896 Henry Renfro Survey, 160 acres
"Personal property assessed to D. H. Arnold, consisting of cattle

| "PROPERTY | YEAR | TAX | PENALTY & INTEREST |
|---|---|---|---|
| "Real and personal property described above | 1959 | $703.44 | $239.17 |
| | 1960 | 703.44 | 196.96 |
| | 1961 | 743.34 | 163.54 |
| | 1962 | 743.34 | 118.93 |
| | | $2,893.56 | $718.60." |