**Marian L. COMBS et vir, Appellants,**

v.

**CITY OF PORT ARTHUR et al., Appellees.**

**No. 7020.**

Court of Civil Appeals of Texas.

Beaumont.

Jan. 16, 1969.

Rehearing Denied Feb. 12, 1969.

Lamar Combs, Talmadge Combs, Beaumont, for appellants.

Fuller, Fuller & McPherson, Port Arthur, James M. Farris, Asst. Dist. Atty., Beaumont, for appellees.

KEITH, Justice.

The City of Port Arthur brought this suit to recover delinquent taxes, interest, penalties, and costs against Marian L. Combs. Certain other taxing agencies intervened in the suit asserting their claims for taxes upon the same properties. The years involved were 1962 through 1966. The trial court, sitting without a jury, rendered judgment for the several taxing entities as prayed for and ordered foreclosure of the tax liens so fixed upon the several pieces of property.

The taxpayer complains of the entry of the judgment for the taxes and foreclosure of the lien "since the tax rolls and ex-hibits did not show a sufficient description identifying the overriding royalties that is necessary to sustain a foreclosure." This point is sustained.

The taxpayer had never rendered the property for taxation and it was assessed by the several assessor-collectors, each of whom determined the description of the properties unaided by any act of the defendant. The several pieces of property consist of overriding royalty interests in and to seven separate leasehold estates situated in the Port Acres oil field in Jefferson County, Texas. The description of one of the royalty interests, as set forth in the exhibit attached to the pleading of the City of Port Arthur is representative of each of the exhibits offered by the several taxing agencies. The entire description of the property is contained in these words:

"Port Arthur, Texas, August 28, 1967

Mr. Marian L. Combs      540 Hooks St.
Beaumont, Texas

TO: CITY OF PORT ARTHUR
for
TAXES

City Suit #B–87179

| | | | Years Due | | | | | |
| Lot No. | Block No. | Addition | 1962 | 1963 | 1964 | 1965 | 1966 | Total Tax |
|---|---|---|---|---|---|---|---|---|
| Gas & Oil Acct. #10024 | | | | | | | | |
| Sassine #1 Lease | | | | | | | | |
| Peter Henderson Oil Co.—Opr. | | | | | | | | |
| Interest 0.00746426 | | | 64.60 | 141.18 | 111.92 | 122.18 | 94.44 | $534.32 |
| Penalty thru Sept. 1967 | | | 36.18 | 62.12 | 35.81 | 24.44 | 7.56 | 166.11 |
| | | | | | | | | $700.43 |
| | | | | (Value 4970) | | | | |

There were six other listings affecting separate leases with varying amounts of taxes and interest but the description follows the format given above. Similar exhibits were attached to the pleadings of the several intervenors, although the form in each instance was not identical with the example given.

Upon the trial, the Assessor-Collector of Taxes of the City of Port Arthur appeared as a witness and testified that he

had brought with him "such records [of the tax office] as they pertain to the certain oil and gas interests under the name of Marion L. Combs" and when the records were offered in evidence, appellant first objected "to the admission of those ledger sheets as not being the official tax records of the City of Port Arthur." The Court replied:

"I understood from this witness that these are, in fact, the originals.

THE WITNESS: Yes, sir, from the tax records.

MR. COMBS: As I understand, those are not the official tax records. Those instruments state they are ledgers. They are not official tax records.

MR. FULLER: Your Honor, that would be sheets from our tax records.

MR. COMBS: That under Article 7205, that they identify the property with certainty. Those are merely ledgers, amounts due—allegedly due.

MR. FULLER: The witness testified
* * *

THE COURT: This is part of the tax rolls?

MR. FULLER: Of the City of Port Arthur, yes, sir.

THE COURT: With that identification in the record, your objection is overruled.

MR. COMBS: Note my exception."

The instrument then admitted in evidence indeed appears to be what it had been labeled, "ledgers" since it was addressed to defendant, showing the identical description set out above together with the amount due, followed by a total of the amounts due upon each unit of the "ledger."

The School District offered tax statements based upon similar descriptions to that contained in the illustration set out in connection with the claim of the City. The School Assessor-Collector did, however, testify that the same came from particular pages and lines of the "roll" for the several years involved, something not done by the City witness. The "roll" itself was not otherwise identified or offered in evidence.

The exhibits offered by the other intervenors, including the County, although slightly different in form from those previously described, did not aid the description of the properties sufficiently to have a legal description thereof. Article 7205, Vernon's Ann.Civ.St.

The operative part of the judgment in favor of the City of Port Arthur covering the tract mentioned previously in the illustration, is as follows:

"That Defendant, Marian L. Combs, as owner of the property hereinafter described, is duly and lawfully indebted to Plaintiff and Intervenors as follows:

"To Plaintiff, CITY OF PORT ARTHUR:

"TRACT VII   Delinquent taxes, penalties, interest and costs in the sum of $700.43, due plaintiff for the years 1962–1966, both inclusive, and the sum of $70.04, attorney fee, as provided by law, on the following described property:

"Port Acres Field, Sassine #1 League, Peter Henderson Oil Company, Operator, 0.0076426, Royalty Interest."

It was declared, in the judgment that first, paramount, and superior tax liens exist against each of the "above described lots, tracts, or parcels of land", which were ordered separately foreclosed, fixed the reasonable and fair value thereof, and ordered the same sold to satisfy the liens so created.

■ Appellant not having rendered the property for taxation, it was placed upon the unrendered rolls by the several assessors under the provisions of Article 7205, V.A.C.S. The example previously given in this opinion shows clearly that the

assessments so made in this case are deficient under the statute which was called to the attention of the trial court in the objection itself. There is no other evidence in the record which describes the property in such manner that it can be located and identified with reasonable certainty.

Thus, under the rationale of Arnold v. Crockett Independent School District, 404 S.W.2d 27, 29 (Tex.Sup., 1966), the portion of the judgment ordering foreclosure of the tax lien is void. In *Arnold*, the rule is expressed in this language:

"The general rule is that a judgment for foreclosure of a tax lien upon real estate which, though aided by the judgment roll, fails to describe a definite tract of land is void. Adams v. Duncan, supra, 147 Tex. 332, 215 S.W.2d 599 (1948); Greer v. Greer, supra, 144 Tex. 528, 191 S.W.2d 848 (1946); Devine v. Keller, 73 Tex. 364, 11 S.W. 379 (1889); Moran Corporation v. Brashear, supra, 339 S.W.2d 557 (Tex.Civ.App.1960, writ ref.). Many of the descriptions do not satisfy that rule." (404 S.W.2d at p. 28).

The foreclosure of the tax lien upon the several parcels of land is, under the holding in *Arnold*, void and we so hold.

Counsel for appellees, contending that *Arnold* is not controlling, prays in the alternative, that if the judgment ordering foreclosure be reversed, the judgment for the taxes should be affirmed under the procedure outlined in *Arnold*. This we cannot do. In *Arnold* there was a question of estoppel of the taxpayers because some of the descriptions used by the assessor were those furnished by taxpayers themselves and the Court held, properly, that "a taxpayer's inadequate description, together with his own knowledge, makes known to him the property that is assessed and he is not misled." (404 S.W.2d at p. 28). There the judgment for the taxes upon some of the parcels was affirmed.

■ There is no estoppel here since these properties were never rendered for taxation by the taxpayer but were assessed by the several Assessors-Collectors of Taxes. In making the assessment, the taxing agencies were required to describe the property with sufficient certainty as to comply with Article 7205, V.A.C.S. The assessment was, therefore, void and the Court erred in rendering judgment for the amount of taxes, penalty, and attorney's fee. Electra Independent School District v. W. T. Waggoner Estate, 140 Tex. 483, 168 S.W.2d 645 (1943); Bashara v. Saratoga Independent School District, 139 Tex. 532, 163 S.W.2d 631 (1942).

The judgment of the trial court for the taxes, penalties, interest and attorney's fee, fixing the tax lien upon the property mentioned in the pleadings, and ordering foreclosure of such tax liens is hereby reversed and declared to be invalid.

■ Because the attemped assessment of the taxes upon the properties mentioned have been held to be invalid for the reasons stated, does not mean that the taxing agencies are powerless to collect all lawful taxes due from appellants. Article 7346, V.A.C.S., authorizes the reassessment of properties in the event the original assessments are found to be invalid; and, such procedure, if followed by the taxing authorities upon remand, may very well result in lawful assessments upon the properties for each of the several years involved herein. However, no recovery of penalties and interest upon the taxes resulting from the reassessment may be awarded. Electra Independent School District v. W. T. Waggoner Estate, supra; Republic Ins. Co. v. Highland Park Independent School District, 141 Tex. 224, 171 S.W.2d 342 (1943).

■ The defendant below also complains of the fact that the taxing authorities did not offer the tax rolls in evidence, and thereby failed to make out a prima facie case of liability entitling them to judgment. Such records, when properly created, maintained, and identified, constitute prima facie evidence of the lawful levy

**404**

of taxes and of the amount due. Articles 7336 and 7326, V.A.C.S. Tax rolls containing no more definite description than that found in this record would not, however, be sufficient to show the lawful indebtedness. *Arnold*, supra. The record here is not sufficiently clear for us to determine just what was offered; and, because of the disposition which we have made of the case, the point is overruled.

The judgment of the trial court is reversed and judgment is here rendered that the plaintiff and the intervenors take nothing. The judgment, however, is without prejudice to the rights of the plaintiff and the intervenors to again assess and value the property of appellant in accordance with law and to collect such taxes as may be due thereon in proceedings had under Article 7346, V.A.C.S.

No costs may be adjudged against the appellees. Articles 7243 and 7297, V.A.C.S. In accordance with the rule enunciated in the *Waggoner Case*, supra, and Rules 125 and 126, Texas Rules of Civil Procedure, the costs incurred in the trial court and in this court by the appellant are adjudged against appellant.