Marie HART, Appellant,

v.

NORTHSIDE INDEPENDENT SCHOOL DISTRICT, Appellee.

No. 15197.

Court of Civil Appeals of Texas, San Antonio.

June 20, 1973.

Rehearing Denied July 18, 1973.

Rizik & Wennermark, San Antonio, for appellant.

Dobbins, Howard & Harris, San Antonio, for appellee.

KLINGEMAN, Justice.

This is a suit brought by Northside Independent School District against Marie Hart for collection of delinquent taxes. The parties will be here referred to as they were in the trial court. The property involved was a mobile home, but the suit was brought as an action to collect delinquent taxes assessed and levied against real property under the provisions of Article 7146, Vernon's Tex.Rev.Civ.Stat.Ann. (1972–73 Supp.).[1] The court, without a jury, en-

---

1. Article 7146 states in part: "Real property for the purpose of taxation, shall be construed to include the land itself, whether laid out in town lots or otherwise and all buildings, structures and improvements, or other fixtures of whatsoever kind thereon, and all the rights and privileges belonging or in anywise appertaining thereto, and all mines, minerals, quarries and fossils in and under the same, *and forms of housing adaptable to mo-*

tered judgment for plaintiff against defendant in the amount of $134.44, being delinquent and unpaid taxes for the years 1967 through 1971, penalty, interest and costs, and decreed that plaintiff's tax lien be foreclosed against the mobile home and for order of sale as under execution.

By her first two points of error, defendant asserts that: (1) there is no evidence that Marie Hart was assessed any personal property taxes by plaintiff; and (2) there is no evidence of the nature of, or description of, any property being taxed.[2] Plaintiff concedes that there is no evidence that Marie Hart was assessed any personal property taxes by defendant for the reason that the property in question was assessed as "real property" as that term is defined in Article 7146, supra. Plaintiff admits, however, that although the property is real property, it was described as personal property and asserts that such description is sufficient under the provisions of Article 7328.1, Section 2, Tex.Rev.Civ.Stat. Ann.[3]

The only property description in plaintiff's petition is "MOBILE HOME—Assessed Valuation $1,300.00." In such petition, plaintiff prays that it have personal judgment against defendant of each lot, block or tract therein described for the full amount of taxes, and for foreclosure of plaintiff's lien on each lot, tract or block therein described. It is to be noted that a foreclosure is sought only against any lot, block or tract described in the petition, although there are no lots, blocks or tracts described in such petition.

The only evidence introduced in the trial court was a copy of a delinquent tax statement of the Northside Independent School District, which is identified as "EXHIBIT A." The only property therein described is a "Mobile Home." The tax statement further lists the amount of taxes owing and contains this notation: "RETURN THIS STATEMENT WITH YOUR REMITTANCE."[4]

■ The rules as to the sufficiency of the description of property in a tax assessment are the same as those applied in the case of conveyances, and the writing must furnish within itself, or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty. Jamison v. City of Pearland, 489 S.W.2d 636 (Tex.Civ.App.—Houston [1st Dist.] 1973, no writ).

■ The general rule is that a judgment for foreclosure of a tax lien upon real estate which, though aided by the judgment roll, fails to describe a definite tract of

---

*tivation by a power connected thereto commonly called 'trailers' or 'mobile homes,' which are or can be used for residential, business, commercial, or office purposes, except those located within the boundaries of an assessing unit for less than 60 days or unoccupied and for sale."* (Emphasis added.)

2. Defendant's other points of error are as follows: (3) there is no evidence that Marie Hart owns any property; (4) there is no evidence that a demand was made on Marie Hart for collection of any tax; and (5) the court erred in admitting Exhibit One into evidence in that said exhibit does not comply with statutory provisions.

3. This is a section pertaining to the description of personal property and states in effect that it is sufficient to describe personal prop-

erty in general terms, such as machinery, equipment, automobile, and so on.

4. There is attached to such copy a certificate of the Tax Assessor-Collector for the Northside Independent School District that such delinquent tax statement is a full, true and correct statement of the delinquent taxes, penalties, interest and costs assessed against the properties therein described as such appears in the delinquent tax rolls of the Northside Independent School District. Article 7336, Tex.Rev.Civ.Stat.Ann., provides in part that all delinquent tax records of said county in any county where such suit is brought shall be prima facie evidence of the true and correct amount of taxes and costs due by the defendant or defendants in such suit, and the same or certified copies thereof shall be admissible in the trial of such suit as evidence thereof.

land is void. Arnold v. Crockett Independent School District, 404 S.W.2d 27, 29 (Tex.1966); Adams v. Duncan, 147 Tex. 332, 215 S.W.2d 599 (1948); Greer v. Greer, 144 Tex. 528, 191 S.W.2d 848 (1946); Devine v. Keller, 73 Tex. 364, 11 S.W. 379 (1889); Moran Corporation v. Brashear, 339 S.W.2d 557 (Tex.Civ.App. —San Antonio 1960, writ ref'd).

The only description of any property contained in the record is "mobile home." There is no evidence in the record which describes the property in a manner that it can be identified or located with reasonable certainty.

■ We hold that the property description is insufficient as a matter of law, and that the judgment ordering foreclosure of the tax lien is void. There is no contention made by plaintiff that if the judgment ordering foreclosure be reversed, the judgment for the taxes should be affirmed. The judgment of the trial court for taxes, penalty and interest, fixing a tax lien upon the property mentioned in the pleadings, and ordering foreclosure of such tax lien, is hereby reversed and declared to be invalid.

■ The judgment of the trial court is reversed and judgment here rendered that plaintiff take nothing. The judgment is without prejudice to the rights of plaintiff to again assess and value the property of defendant and collect such taxes as may be due thereon, in accordance with law. Republic Insurance Company v. Highland Park Independent School District, 141 Tex. 224, 171 S.W.2d 342 (1943); Electra Independent School District v. W. T. Waggoner Estate, 140 Tex. 483, 168 S.W.2d 645 (1943); Combs v. City of Port Arthur, 437 S.W.2d 400, Tex.Civ.App., Beaumont 1969, writ ref'd n. r. e.; Article 7346, Tex. Rev.Civ.Stat.Ann.

■ We do not have the authority to adjudge court costs of the type here involved against an independent school district, and accordingly, no costs are assessed against plaintiff. City of Waco v. Owens, 442 S.W.2d 324 (Tex.1969); Electra Independent School District v. W. T. Waggoner Estate, supra; Combs v. City of Port Arthur, supra; Lubbock Independent School District v. Owens, 217 S.W.2d 186 (Tex.Civ.App.—Amarillo 1949, writ ref'd); Articles 7297, 7333, 7337 and 7343, Tex. Rev.Civ.Stat.Ann.