COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-287-CV
 
  
RHONDA 
SATTERFIELD AND                                                APPELLANTS
DENNIS 
SATTERFIELD
  
V.
  
CYNTHIA 
ANN VESS                                                                APPELLEE
 
  
------------
 
FROM 
THE 67TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
I. Introduction
        This 
litigation arose out of a real estate transaction. Appellants Rhonda and Dennis 
Satterfield (the “Satterfields”) sued Appellee Cynthia Ann Vess for breach 
of contract, fraud, unjust enrichment, breach of duty of good faith and fair 
dealing, and violations of the Deceptive Trade Practices Act (“DTPA”). 
Following a bench trial, the trial court entered a take nothing judgment for 
Vess. In three issues, the Satterfields complain that four of the six 
conclusions of law made by the trial court are erroneous. We will affirm.
II. Factual 
Background
        In 
September 1983, the Satterfields entered into a written agreement to purchase 
two acres of land from Vess. Vess retained ownership of other property that 
“fronted” the Satterfields’ newly acquired property. Sub-paragraph six of 
section eleven in the contract provides, “Seller agrees to offer buyer option 
on property in front of house should it be on the market for sale.” After 
closing, both parties signed a letter regarding a portion of the property in 
front of the Satterfields’ two acres. It states,
  
We re-affirm to you that in the event the property lying on front of the 2.0 
acre tract (11.17 acres) 
should be put on the market for sale it will be with your first right of 
refusal; this letter to be construed as an option to purchase the said property 
if and when it should be for sale it being agreed that this portion of said 
contract shall survive closing. [Interlineation original.]
   
        Vess 
listed her entire property for sale on two separate occasions, once in the 
1980's and a second time in 1996; neither listing resulted in any offers to 
purchase or contracts for sale. In 2000, the City of Mansfield, through a 
“Compromise and Settlement Agreement,” condemned a portion of Vess’s 
property (1.458 acres of land and 2.7 acres for a slopement easement) that 
fronted the Satterfields’ property and compensated Vess for the taking. The 
Satterfields initiated the present suit after they learned that the City of 
Mansfield had “purchased” the property.
        The 
trial court entered findings of fact and conclusions of law after rendering its 
take nothing judgment. This appeal followed.
III. 
Conclusions of Law
        The 
Satterfields’ issues challenge four of the trial court’s six conclusions of 
law. We review a trial court’s conclusions of law de novo as legal questions. Boyd 
v. Boyd, 67 S.W.3d 398, 404 (Tex. App.—Fort Worth 2002, no pet.); Hitzelberger 
v. Samedan Oil Corp., 948 S.W.2d 497, 503 (Tex. App.—Waco 1997, pet. 
denied). A trial court’s conclusions of law may not be challenged for factual 
sufficiency, but they may be reviewed to determine their correctness based upon 
the facts. Hawkins v. Ehler, 100 S.W.3d 534, 539 (Tex. App.—Fort Worth 
2003, no pet.). We will uphold conclusions of law on appeal if the judgment can 
be sustained on any legal theory supported by the evidence. A & W 
Industries, Inc., v. Day, 977 S.W.2d 738, 741 (Tex. App.—Fort Worth 1998, 
no pet.).
        A. Conclusion of Law Numbers Three, Four, and Five
        The 
Satterfields’ first issue alleges that “the trial court erred in finding 
that ‘plaintiffs failed to submit any evidence concerning the parties’ 
intent’ with regard to the written promise, and that the ‘option is void on 
its face since the court cannot by written terms or parol evidence discern the 
parties’ intent for the option.’” This issue challenges conclusion of law 
numbers three and four which provide, respectively:
  
3. The option provision is ambiguous. The Court looks to the intent of the 
parties. Here there are no terms of an option contract to enforce. Plaintiffs 
failed to submit any evidence concerning the parties’ intent for the option 
including consideration paid for the option, price and option period.
  
4. 
The option is void on its face since the Court cannot by written terms or parol 
evidence discern the parties’ intent for the option.
 
        The 
Satterfields argue that “[a]ll parties to the original contract and the 
subsequent ‘letter’ knew which 2 acres and house were being sold to the 
Satterfields, and which acreage in front of their property was the subject of 
Special Provision 6 of the original contract and of the ‘letter.’” Vess 
maintains that the contract and letter fail to describe the property for sale 
“with sufficient specificity to satisfy the statute of frauds.”
        A 
contract for the sale of real property must comply with the Statute of Frauds in 
order to be enforceable. See Tex. 
Bus. & Com. Code Ann. § 26.01 (Vernon 2002). The Statute of Frauds 
requires that the agreement be in writing and signed by the party to be charged. 
Id. Whether a contract meets the requirements of the Statute of Frauds is 
a question of law. Bratcher v. Dozier, 162 Tex. 319, 321, 346 S.W.2d 795, 
796 (1961).
        A 
description of the land to be conveyed is an essential element of a contract for 
the sale of land. Hereford v. Tilson, 145 Tex. 600, 605, 200 S.W.2d 985, 
988 (1947). To satisfy the Statute of Frauds, the agreement must furnish within 
itself, or by reference to some other writing, information by which the land may 
be identified with reasonable certainty. Morrow v. Shotwell, 477 S.W.2d 
538, 539 (Tex. 1972). If enough identifying information appears in the 
description so that a person familiar with the area can locate the premises with 
reasonable certainty, the Statute of Frauds is satisfied. Gates v. Asher, 
154 Tex. 538, 541, 280 S.W.2d 247, 248-49 (1955). No part of the agreement is 
more essential than the description of the property. Wilson v. Fisher, 
144 Tex. 53, 56, 188 S.W.2d 150, 152 (1945). An agreement or conveyance that 
does not sufficiently describe, or provide enough identifying information 
concerning, the land to be conveyed is void. Greer v. Greer, 144 Tex. 
528, 530, 191 S.W.2d 848, 849 (1946).[2]
        In 
the instant case, neither the contract or the letter signed on the day of 
closing, nor any extrinsic evidence presented to the trial court,[3] describes the property to be sold with reasonable 
certainty.  At trial, when asked to describe the property, Mrs. Satterfield 
stated, “It was two acres in front of our house.” But Mrs. Satterfield 
conceded that Vess owned more than two acres surrounding the Satterfield’s 
two-acre tract and that more than two acres of Vess’s property fronted Matlock 
Road, the road in front of the Satterfield’s house. The property description 
set forth in sub-paragraph six of section eleven in the contract, “property in 
front of house,” and the letter, “the property lying on front of the 2.0 
acre tract,” is insufficient to describe with reasonable certainty which 
portion of Vess’s property is subject to the contract and letter. Regardless 
of whether the portion of the agreement at issue is characterized as an option 
or as a right of first refusal, the writings do not contain a description, such 
as metes and bounds, that would permit the Satterfields, or Vess for that 
matter, to identify which portion of Vess’s property is subject to the 
agreement. Because the contested portion of the agreement does not contain a 
sufficient description of the property to be sold, the trial court did not err 
by concluding that the “option” was void “since the Court cannot by 
written terms or parol evidence discern the parties’ intent for the option.” 
See Greer, 191 S.W.2d at 849; see generally Matney v. Odom, 147 
Tex. 26, 28, 210 S.W.2d 980, 982 (1948) (holding lease containing option to 
purchase and describing land as “four (4) acres out of the East end of a 
ten-acre block on the P. Chireno Survey about 2 miles East from the courthouse 
of the city of Tyler, Smith County, Texas, located on the North side of the 
Kilgore highway” insufficient to comply with Statute of Frauds); McDaniel 
v. Carruth, 637 S.W.2d 498, 501, 506 (Tex. App.—Corpus Christi 1982, no 
writ) (holding description “Sixteen Hundred acres plus, located approximately 
ten miles east of Rio Hondo, Texas, referred to as the Ranch and two farms 
located in Hidalgo County containing more or less thirty acres each” 
insufficient to satisfy Statute of Frauds). We hold that the trial court 
properly applied the law to the facts in conclusions of law numbers three and 
four.  We overrule the Satterfields’ first issue.  Because 
conclusions of law numbers three and four constitute proper legal grounds 
supporting the trial court’s take nothing judgment against the Satterfields, 
we need not address the Satterfields’ challenge to conclusion of law number 
five, constituting an alternative, independent ground supporting the 
take-nothing judgment.[4]
        B. Conclusion of Law Number Six
        The 
Satterfields’ third issue claims that “the trial court erred in finding that 
plaintiffs failed to offer any evidence for their claims for breach of duty of 
good faith and fair dealing, and violations of the Texas [DTPA], fraud and 
unjust enrichment.” This issue challenges conclusion of law number six, which 
provides,
  
6. Plaintiffs failed to offer any evidence for their claims for breach of duty 
of good faith and fair dealing, violations of the Texas Deceptive Trade 
Practices Act, fraud, unjust enrichment, and diversion of water rights and 
wrongful removal of property gates. No evidence to support these allegations was 
presented.
  
        1. 
Fraud
        The 
Satterfields argue,
  
Ms. Vess represented that she would sell the property to the Satterfields, and 
she would offer the property to them first if she decided to sell the property, 
which was reflected in the original contract and the subsequent ‘letter.’ 
Such representation was, from the very beginning, designed and contrived to 
induce the Satterfields into buying the landlocked property.
   

A 
cause of action for fraud is proved by establishing that: (1) a material 
misrepresentation was made; (2) that was known to be false when made or was 
asserted without knowledge of its truth; (3) that was intended to be acted upon; 
(4) that was relied upon; and (5) caused injury to the party who relied on the 
misrepresentation.  Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242 
(Tex. 2001). The testimony of Mrs. Satterfield and Vess addresses facts 
concerning the agreement, the condemnation by the City of Mansfield, the amount 
of property surrounding the Satterfields’ property, and the two times Vess 
listed her entire property for sale.  The record is devoid of any evidence 
that Vess made a false material representation to the Satterfields, that Vess 
knew the representation was false when made, and that any alleged 
misrepresentation caused the Satterfields injury. Accordingly, the trial court 
did not err by concluding that there was no fraud.
        2. Duty of Good Faith and Fair Dealing
        The 
Satterfields argue that, “[b]ecause of the agreements of the parties, Ms. Vess 
had a duty to deal fairly and in good faith with the [them].” On the contrary, 
there is no implied covenant of good faith and fair dealing in every contract. Subaru 
of Am., Inc. v. David McDavid Nissan, Inc., 84 S.W.3d 212, 225 (Tex. 2002); Arnold 
v. Nat’l County Mut. Fire Ins. Co., 725 S.W.2d 165, 167 (Tex. 1987). Such 
a duty may arise, however, as a result of a special relationship between the 
parties to a contract. Subaru of Am., Inc., 84 S.W.3d at 225. A special 
relationship may exist where there is unequal bargaining power between the 
parties to a contract and there is the possibility that one of the parties may 
take advantage of the other because of this imbalance of power (e.g., 
insurance). Arnold, 725 S.W.2d at 167.
        The 
contract at issue here is between two private citizens. There is no evidence of 
unequal bargaining power, and there is no evidence that any special relationship 
existed between Vess and the Satterfields. Thus, the trial court did not err by 
concluding that there was no evidence of a duty of good faith and fair dealing.
        3. Unjust Enrichment
        The 
Satterfields argue that “Ms. Vess profited from her failure to honor her 
promise to grant the Satterfields a preemptive right to purchase the property if 
she ever offered it for sale” after receiving proceeds from the City of 
Mansfield. Recovery under the theory of unjust enrichment may be allowed when 
one person has obtained a benefit from the other by fraud, duress, or the taking 
of an undue advantage. Heldenfels Bros., Inc. v. City of Corpus Christi, 
832 S.W.2d 39, 41 (Tex. 1992). Unjust enrichment is based upon the equitable 
principle that a person receiving benefits which were unjust for him to retain 
ought to make restitution. Bransom v. Standard Hardware, Inc., 874 S.W.2d 
919, 927 (Tex. App.—Fort Worth 1994, writ denied).
        The 
City of Mansfield compensated Vess for the taking of a portion of her 
property. Vess did not sell the property to the City of Mansfield, and she has 
not sold any of the remaining property. There is no evidence that Vess obtained 
any benefit from the Satterfields by fraud, duress, or the taking of an undue 
advantage. For this reason, the trial court did not err by concluding that there 
was no unjust enrichment.
        4. DTPA
        The 
Satterfields argue that “the actions of Ms. Vess violated 17.46 (5) and (12) 
of the Business and Commerce Code in that she had misrepresented goods 
(property) and had represented that an agreement conferred or involved rights 
which it did not have, i.e. the original contract and “letter” representing 
that she would offer the property to the Satterfields if she ever offered the 
property for sale.” The Satterfields further argue that Vess violated section 
17.46(b)(24) “by failing to disclose information concerning goods or services 
which was known at the time of the transaction when the failure to disclose such 
information was intended to induce [them] into the transaction of purchasing the 
back 2 acres of property.”
        The 
elements required to be shown in an action under the DTPA are: (1) the plaintiff 
is a consumer; (2) the defendant engaged in false, misleading, or deceptive 
acts, and (3) these acts constituted a producing cause of the consumer’s 
damages. Tex. Bus. & Com. Code Ann. 
§ 17.50(a)(1) (Vernon 2002); Doe v. Boys Clubs of Greater Dallas, 907 
S.W.2d 472, 478 (Tex. 1995). Section 17.46(b)(12), a designated unlawful act in 
the “laundry list” of section 17.46(b), provides that it is a false, 
misleading, or deceptive act or practice to represent that an agreement confers 
or involves rights, remedies, or obligations which it does not have or involve, 
or which are prohibited by law. Tex. Bus. 
& Com. Code Ann. § 17.46(b)(12) (Vernon Supp. 2004-05). Section 
17.46(b)(24) provides that “failing to disclose information concerning goods 
or services which was known at the time of the transaction” may be a false, 
misleading, or deceptive act “if such failure to disclose such information was 
intended to induce the consumer into a transaction into which the consumer would 
not have entered had the information been disclosed.” Id. § 
17.46(b)(24).
        Here, 
the evidence adduced at trial showed that Vess did in fact offer her property 
for sale on two separate occasions, once in the 1980's and another time in 1996. 
Vess testified that she placed a sign (a “billboard sign”) in her yard just 
to the right of her house both times her property was listed for sale. The 
Satterfields were free to make an offer to Vess for her property. Vess, however, 
never received any offers for the property. There is no evidence that Vess 
failed to disclose information concerning her property in an effort to induce 
the Satterfields into making a transaction they would otherwise not have made 
had they known of the information. Thus, the trial court did not err by 
concluding that there were no DTPA violations.
        Having 
determined that the trial court’s conclusion of law number six is supported by 
the evidence, we overrule the Satterfields’ third issue.
IV. Conclusion
        Having 
overruled all of the Satterfields’ issues, we affirm the trial court’s 
judgment.
   
   
                                                          SUE 
WALKER
                                                          JUSTICE
  
 
  
PANEL 
A:   CAYCE, C.J.; WALKER, J.; and SAM J. DAY, J. 
(Retired, Sitting by Assignment).
 
DELIVERED: 
August 4, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
The use of parol evidence to help establish property inadequately described is 
limited. The Texas Supreme Court in Pick reiterated,
 
The essential elements may never be supplied by parol. The details which merely 
explain or clarify the essential terms appearing in the instrument by ordinarily 
be shown by parol. But the parol must not constitute the framework or skeleton 
of the agreement. That must be contained in the writing. Thus, resort to 
extrinsic evidence, where proper at all, is not for the purpose of supplying the 
location or description of the land, but only for the purpose of identifying it 
with reasonable certainty from the data in the memorandum.
 
Pick 
v. Bartel, 659 S.W.2d 636, 637 (Tex. 1983).
3.  
We question whether, under the controlling case law, resort to extrinsic 
evidence to establish a description of the property is appropriate, but even 
considering extrinsic evidence, the property here is not sufficiently 
identified.
4.  
In its fifth conclusion of law, the trial court determined that the 
Satterfield’ claims were barred by limitations.